Copeland, Executor, *et al. v.* Summers *et al.*

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint.

Filed May 29, 1894.

------

16,399.

COPELAND, EXECUTOR, ET AL. *v.* SUMMERS ET AL.

| | |
|---|---|
| 138 | 219 |
| 140 | 465 |
| 138 | 219 |
| 145 | 190 |
| 138 | 219 |
| 149 | 431 |
| 150 | 431 |
| 150 | 469 |
| 138 | 219 |
| 159 | 610 |
| 138 | 219 |
| 169 | 642 |
| 170 | 507 |

PARTY IN INTEREST.—*Right to Sue.*—*Contract.*—*Delivery.*—A person for whose benefit a contract has been made may bring suit on the same, and it is not necessary that the contract should ever have been delivered to him.

CONTRACT.—*For Benefit of Minor.*—*Acceptance.*—Where a party for whose benefit a contract has been made is a minor, it is not necessary that he should accept the same, as the law puts in an acceptance for him.

SAME.—*For Benefit of Another.*—*Acceptance.*—If a person in whose favor a contract has been made was at the time an adult, the subsequent bringing of an action based on the contract is a sufficient acceptance of the same.

SAME.—*Construction with Will. and Deed.*—*Title.*—*Testamentary Disposition.*—From the fact that a deed, a contract, and will should all be construed together, for the purpose of ascertaining the intention of the parties, it does not necessarily follow that all such instruments executed at that time are to be regarded as a testamentary disposition of the property named therein, and that title to the property named in the deed did not pass to the grantee.

TRUST.—*Conveyance.*—*Real Estate.*—*Contract.*—Where A conveyed to B certain land, and took from B an obligation to pay to C *et al.* certain sums named therein, B was thereby made a trustee for C *et al.*

SAME.—*When can not be Altered.*—And the trust being once created and accepted, it can not be altered, either by the donor or trustee, without the consent of the beneficiary.

SAME.—*Title.*—*Grantor and Grantee.*—In such case, on the delivery of the obligation, the title vested in the grantee.

PLEADING.—*Theory of.*—A pleading must proceed upon a definite theory, and if bad upon that theory it can not be sustained upon some other.

TENDER.—*When Available as a Defense.*—To make a tender of any

avail, it is generally necessary to keep it alive for the use of the party to whom it is made.

Opinion on petition for rehearing by COFFEY, J.

From the Shelby Circuit Court.

*E. K. Adams, J. T. Carter, K. M. Hord* and *T. B. Adams,* for appellants.

*B. F. Love, H. C. Morrison, O. J. Glessner* and *L. F. Wilson,* for appellees.

COFFEY, J.—On the 4th day of October, 1880, Milton L. Copeland, Sr., executed to Milton L. Copeland, Jr., his son, a warranty deed to one hundred and sixty acres of land in Shelby county, Indiana. At the time of executing the deed the grantor took from the grantee a written contract, by the terms of which it was stipulated that the grantee, in consideration of the conveyance, should pay the grantor the sum of one hundred and twelve dollars and fifty cents on the 1st day of August of each year, and a like sum on the 25th day of December of each year during the life of the grantor. The contract also gave to the grantor the right to take fire wood from the land, and the privilege of taking such fruit as he might need for his own use.

After these provisions and stipulations, the contract proceeds as follows: "And the said Milton L. Copeland, Jr., further agrees to pay George M. Smith, at the death of the said Milton L. Copeland, Sr., the sum of $1,000. Said sum to draw interest at the rate of six per cent. per annum after the death of said Milton L. Copeland, Sr., until paid, and the further sum of $1,000 to George T. Summers, payable at the decease of said Milton L. Copeland, Sr., and to draw interest as in the case of George M. Smith last above mentioned, and the further sum of $500 upon the death of said Milton L. Copeland, Sr., to Eliza C. Summers, if she be then living, and if

dead to her children, except George T. Summers, said sum to draw interest at the rate, and in the manner as set out above, and for the purpose of securing the payment of the several amounts above set out to the persons to whom said amounts are payable. Said Milton L. Copeland, Jr., hereby mortgages and warrants, and creates a charge upon all the above and foregoing described real estate.''

At the time of executing this deed and contract, Milton L. Copeland also executed his will. By the first clause of the will he devises to George M. Smith, who is his grandson, certain described land in Howard county, Indiana, after which the will contains the following: ''I also devise and bequeath the sum of $1,000 to said grandson to be paid to by my son Milton L. Copeland, Jr., or from said son collected by my executor and paid to him.''

By the second clause of the will, he bequeaths to his grandson George T. Summers, the sum of $1,000 when he arrives at the age of twenty-one years, payable by his son Milton L. Copeland, Jr., or from him collected by the executor and paid over. By the third clause he gives to Eliza C. Summers the sum of $500, payable by his son Milton L. Copeland, Jr. The fifth clause of the will is as follows: ''I make no provision for my son Milton L. Copeland, Jr., herein, and desire that he shall take no part of my estate, by reason of a deed and advancement to him this day made of 160 acres of land in Shelby county, Indiana, known as my home farm. Such an advancement being of a greater value than an equal interest in my estate with my other children, and said son does this day execute to me his obligation, among other things providing that the sums as bequeathed in sections 1, 2, 3, shall be by him paid as herein provided as the consideration for said above mentioned excess,

said sums to be so paid have been made a charge upon said land.''

The contract above referred to was delivered to Milton L. Copeland, Sr., at the time of its execution, but was never delivered to either George M. Smith, George T. Summers or Eliza C. Summers. George T. Summers at its date was a minor.

Upon the death of Milton L. Copeland, Sr., the appellees Eliza C. Summers and George T. Summers, assuming that they had a right to recover on the contract involved in this suit, as upon a contract made for their benefit, instituted suit in the Shelby circuit thereon against Milton L. Copeland, Jr., and others who were alleged to claim an interest in the contract, for that purpose.

Milton L. Copeland, Jr., appeared to the action, confessed the indebtedness, alleged that there were conflicting claims to the funds, and asked that the parties asserting claims might be required to interplead. He paid the money due into court, and thereupon an order was entered requiring the parties claiming the money to interplead, and he was discharged.

He being executor of the will of Milton L. Copeland, Sr., was made a party to the action as such, and by proper pleading asserted a claim to the money on the ground that it belonged to the estate represented by him, and was necessary to pay the debts due from such estate. The pleadings in the cause, after the order to interplead, were so framed as to present the question as to whether this fund belongs to the estate of Milton L. Copeland, deceased, or whether it is the property of the appellees, Eliza C. Summers and George T. Summers.

It is contended by the appellants, as we understand their briefs filed in the case, that inasmuch as the deed, contract, and will, above referred to, were all executed at

the same time, and because the deed and contract are referred to in the will, the transaction is to be regarded as a testamentary disposition of the property of Milton L. Copeland, Sr., and that the title and control did not pass from him prior to his death, and, therefore, it belongs to his estate subject to be used in the payment of debts and the expenses of settling the estate.

On the other hand, it is contended by the appellees that the title and control of the property mentioned in the contract passed from Milton L. Copeland, Sr., upon delivery of the contract to him, and vested in George T. Summers and Eliza C. Summers.

The rule that one for whose benefit a promise has been made to a third party may maintain an action in this State, in his own name, on such promise, is too familiar to require the citation of authority. In order to enable the appellees to maintain this action, it was not necessary that the contract should have been delivered to either of them. It contained a promise to pay Milton L. Copeland, Sr., certain sums of money, and delivery to him was sufficient. *Henry, Assignee,* v. *Anderson,* 77 Ind. 361; *West* v. *Cavins, Exr.,* 74 Ind. 265; *Waltz* v. *Waltz,* 84 Ind. 403.

Nor was it necessary that George T. Summers should have accepted the provision made for him. As he was a minor, and the provision was for his benefit, the law put in an acceptance for him. *Nolte* v. *Libbert,* 34 Ind. 163; *Guard* v. *Bradley,* 7 Ind. 600; *Pruitt* v. *Pruitt,* 91 Ind. 595.

The institution of this suit is a sufficient acceptance on the part of Eliza C. Summers.

We agree with counsel for the appellants, that we should consider the deed, contract, and will as constituting one transaction, for the purpose of ascertaining the intention of the parties; but we can not give our as-

sent to the proposition that because they are to be so considered, all the instruments executed at that time are to be regarded as a testamentary disposition of the property named therein, and that the title did not pass from Milton L. Copeland, Sr.

The deed from him to Milton L. Copeland, Jr., certainly vested in the latter the title to the land therein described. He could do nothing to divest such title without the consent of the owner.

By the conveyance to Milton L. Copeland, Jr., and taking back from him an obligation to pay the appellees the sums therein named, he made him a trustee for the appellees. In contemplation of law, he left in the hands of Milton L. Copeland, Jr., the amount of money to be paid to them, and thereafter he held such funds as their trustee, to be paid according to the terms of the contract. *Coppage, Admr.*, v. *Gregg*, 127 Ind. 359.

The rule is elementary that a trust once created and accepted can not be altered or changed, either by the donor or trustee, without the consent of the beneficiary. If executed, it can not be revoked without the consent of the *cestui que trust.*

In the case of *Haxton* v. *McClaren*, 132 Ind. 235, it was said by this court: "If the trust is perfectly created, the donor or seller having nothing more to do, the person seeking to enforce it having need of no further action on the part of the donor, nothing being required of the court but to give effect to the trust, it will be carried into effect at the suit of a party interested although it was without consideration."

In this case, Milton L. Copeland, Sr., conveyed certain lands to his son, leaving in his hands for the use of the appellees the money for which they sued, part of the purchase-price to be paid to them at his death. As to George T. Summers, at least, the law put in an accept-

ance, and for that reason, as to him, the trust could not be revoked, altered, or changed without his consent.

As to Milton L. Copeland, Sr., the trust was perfectly created. There was nothing more for him to do. The appellees require no further action on his part. Nothing is required of the court, except to give the trust effect. Under these facts, we think the title of the donor to this fund was divested at the time the contract was executed, and vested in the appellees, unless there is something in the will which would prevent such a result.

We think a careful reading of the will fails to disclose any intention on the part of the testator to prevent the deed and contract in controversy from having the effect the law would give them in the absence of a will. Indeed, the will seems to emphasize the intention of the testator to vest the fund now in suit in the appellees, for it seems to have been his intention to put the objects of his bounty upon an equality. This he could not do if he vested in his son the absolute title to the land and left the fund set apart to these appellees, subject to the payment of his debts and the expenses of settling his estate.

There is no question in the case as to whether the transfer of the land or this fund was fraudulent as to creditors. The executor bases his claim to the fund upon the ground that the title did not vest in the appellees, and that for that reason, upon the death of Milton L. Copeland, Sr., it belonged to his estate.

We think that the title to this fund vested in the appellees, upon the delivery of the contract above mentioned to Milton L. Copeland, Sr.

This conclusion accords with the ruling of the circuit court.

Judgment affirmed.

VOL. 138—15

HACKNEY, J., took no part in the decision of this cause.

Fled Nov. 27, 1893.

### ON PETITION FOR A REHEARING.

COFFEY, J.—A petition for a rehearing is filed in this case, supported by an earnest and able brief, in which it is contended that this court erred in holding there was no question of fraudulent conveyance involved.

After another careful examination of the pleadings, we still entertain the belief upon this subject expressed in the opinion heretofore handed down. It is true that in the *first* paragraph of the answer of Milton L. Copeland, as executor, it is shown that the testator, after the execution of the contracts in suit, did not have sufficient property left to pay his debts, and that such debts still remained unpaid, but the answer proceeds upon the distinct and definite theory that such contracts and the will of the testator constituted a testamentary disposition of the property named in the contracts, and that the title to such property did not, therefore, vest in the appellees until the death of the testator, and was, for that reason, part of the assets in the hands of the executor, subject to be used in the payment of such debts. In holding that the title to the property mentioned in the contracts vested in those for whose benefit the contracts were made, at the time of their execution, we necessarily held that this answer was bad upon the theory upon which it proceeds. It is well settled that every pleading must proceed upon some single, definite theory, and if bad upon the theory on which it proceeds, it can not be sustained upon some other theory. *Platter* v. *City of Seymour*, 86 Ind. 323; *Mescall* v. *Tully*, 91 Ind. 96; *Western Union Tel. Co.* v. *Young*, 93 Ind. 118; *Chicago, etc., R.*

*R. Co.* v. *Bills*, 104 Ind. 13; *First Nat'l Bank, etc.*, v. *Root*, 107 Ind. 224; *Pearson* v. *Pearson*, 125 Ind. 341.

As there is no pleading in the record, drawn upon the theory that the property sought to be recovered by the appellees was transferred to them in fraud of the rights of creditors, there is no question of this character involved in the case.

It is also claimed by the appellant Milton L. Copeland, as executor, that this court erred in failing to pass upon the sufficiency of the second paragraph of his answer as an estoppel.

This paragraph avers, substantially, that the appellee Eliza C. Summers, at the death of Milton L. Copeland, Sr., had full knowledge of the contract upon which she sues, and her rights thereunder; that Milton L. Copeland, Jr., the maker of said contract, on the 10th day of February, 1886, tendered to her the full amount due under such contract, and that she, with such knowledge, refused to accept the same, and repudiated the contract, and so continued to refuse the same up to the time of the commencement of this suit; and that the assets of the estate of the said Milton L. Copeland, Sr., are not sufficient to pay the debts and expenses of administration.

We are unable to perceive any element of estoppel in this answer. To make a tender of any avail whatever, it is generally necessary to keep the thing tendered for the use of the party to whom the tender is made. It certainly is not the law that money tendered to a creditor, if refused, becomes the property of the debtor, and that he may keep it and refuse to pay the debt.

The court did not err in sustaining a demurrer to this answer.

The petition for a rehearing in this case is overruled.

Filed June 19, 1894.