St. Clair v. Marquell.

---

## St. Clair et al. v. Marquell et al.

[No. 20,037. Filed June 3, 1903.]

DEEDS.—*Delivery.*—Where grantor executed a deed and delivered it to a third person to be held until death of grantor and then delivered to the grantee, the surrender of the deed to the grantor five years thereafter did not affect the title conveyed. *pp. 63, 64.*

SAME.—*Delivery.*—*Evidence.*—Where the owner of real estate gave to a third person a sealed envelope containing "papers" to be delivered to certain persons named at the death of the former, and five years thereafter took the envelope, and, after keeping the same two or three weeks, gave such person a package in another envelope saying "here is them papers," such statement together with the date of a deed in the package last delivered showing that it was executed prior to the delivery of the first papers sufficiently showed that said deed was among the papers first delivered. *p. 64.*

SAME.—*Delivery to Third Person.*—*Effect.*—A deed executed and delivered to a third person to be delivered by him to the grantee at the death of grantor took effect from the time of its delivery to such third person. *p. 65.*

SAME.—*Mistake.*—*Reformation.*—*Family Settlements.*—The owner of 240 acres of land executed certain deeds to be delivered at his death. At the death of grantor the deeds were delivered to the grantees as directed, and accepted by them without knowledge of any error in the descriptions of the real estate conveyed. One of the deeds conveyed to a daughter the west 120 acres, a deed to two stepchildren described fifty acres off the west 120 acres, a deed to

two grandchildren described seventy acres off the west 120 acres, and the east 120 acres was left undisposed of. *Held*, that it was the intention to convey the west 120 to the daughter and the east 120 to the stepchildren and grandchildren, that the mistake in the execution and acceptance of the deeds was mutual and the deeds to the stepchildren and grandchildren should be reformed. *pp. 57–66.*

DEEDS.— *Consideration.*—Where a deed states a money consideration of $1 in addition to the consideration of love and affection, the grantee is not a mere volunteer. *p. 66.*

SAME.—*Testamentary Disposition.*—Where a landowner executes deeds of conveyance to his children and delivers them to a third person to be delivered to the grantees at grantor's death such conveyances do not amount to an attempted testamentary disposition. *pp. 66, 67.*

PARTITION.—*Attorney's Fees.*—Section 1222 Burns 1901, authorizing the apportionment of the plaintiff's attorney's fees among the parties in a partition proceeding, does not apply to a case where the defendants appeared by counsel and contested the matters stated in the complaint and derived no benefit from the services of the attorneys employed by plaintiff. *p. 67.*

From Delaware Circuit Court; *J. G. Leffler*, Judge.

Suit by Henry M. Marquell against Anna E. St. Clair and others for partition. From a judgment in favor of plaintiff, defendants Anna E. St. Clair and husband appeal. Transferred from Appellate Court, under §1337u Burns 1901. *Reversed.*

*R. S. Gregory, A. C. Silverburg* and *W. J. Lotz*, for appellants.

*J. N. Templer, C. C. Ball, E. R. Templer, W. W. Orr* and *F. W. Stradling*, for appellees.

DOWLING, J.—This is a suit for the partition of a tract of 240 acres of land situated in Delaware county, Indiana, of which one Samuel Marquell died seized in fee simple in 1899. A convenient description of the land, and one adopted by its former owner, was the east 120 acres and the west 120 acres of the northwest quarter and of the north half of the southwest quarter of section ten, township twenty-one north, of range eleven east. The suit was

brought by Henry Marquell, one of the appellees herein, and the appellants, Anna E. St. Clair and her husband, James, were made defendants. Henry Marquell, the plaintiff below, alleged in his complaint that the tract of 240 acres above described had been owned by Samuel Marquell, who died intestate, seized of the same in fee simple, leaving the said Henry Marquell and Anna E. St. Clair, his children, as his sole heirs at law; that the west 120 acres of the said tract had been conveyed by the said Samuel Marquell to the said Anna E. St. Clair by a deed placed in the hands of a stranger; that such conveyance was by way of an advancement; and that the said Henry Marquell was the owner in fee of the east 120 acres of said tract. Prayer for partition between the said parties. To this complaint the appellants filed answers in denial.

Anna E. St. Clair filed a cross-complaint in two paragraphs against the appellees, Henry Marquell, David Michael, Emma Zehner, Willetts Marquell, and Samuel Marquell, Jr. In the first paragraph, she claimed to be the owner in fee of the west 120 acres of said tract, and asked to have her title quieted against the claims of the said appellees. By the second paragraph, she alleged that Samuel Marquell, in his lifetime, was the owner in fee of the whole tract of 240 acres; that she, the said Anna E., and Henry M. were his children and sole heirs at law; that the said Samuel Marquell conveyed the west 120 acres of said tract to her by deed, and died seized of the remaining east 120 acres; that the said Samuel Marquell advanced to the said Henry Marquell $1,500, and that the same should be charged to him. Prayer that the title to the west 120 acres be quieted in the said Anna E. St. Clair as against all of said appellees, that the advancement to the said Henry be taken into account, and that the east 120 acres be divided between the said Anna E. St. Clair and Henry Marquell.

David Michael and Emma Zehner, and the husband of the said Emma, filed an answer in three paragraphs, the

first being a denial; the second setting up title in the said David and Emma to the north fifty acres of the east 120 acres of the tract, and the third asserting title in the said David and Emma to the north fifty acres of the west 120 acres of said tract.

David Michael and Emma Zehner also filed a cross-complaint alleging that Samuel Marquell made a deed to the said David and Emma by which he intended to convey to them the north fifty acres of the east 120 acres of said lands, but that by the mistake of the draftsman of the deed the real estate was erroneously described as the north fifty acres of the west 120 acres. Prayer that the deed be reformed. Answers by all parties in denial.

Henry Marquell filed an answer in two paragraphs to the cross-complaint of Anna E. St. Clair, admitting that he received $1,500 from his father, Samuel Marquell, but alleging that it was a gift, and not an advancement, charging that the 120 acres of land conveyed by Samuel Marquell to his daughter, Anna E. St. Clair, was intended as an advancement, and alleging that other property also was received by her from her father as an advancement. Prayer that the said advancements be taken into account, that partition of said lands be made between the said Henry Marquell and Anna E. St. Clair, and that his title to the east 120 acres be quieted as against all the other parties.

The appellees, Willetts Marquell and Samuel Marquell, Jr., being minors, a guardian *ad litem* for them was appointed by the court, and such guardian filed an answer denying the matters stated in the cross-complaint of Anna E. St. Clair.

After the evidence was in, Henry Marquell, with the leave of the court, filed a second paragraph of complaint alleging that he and Anna E. St. Clair were the owners and were tenants in common of the east 120 acres of the tract described, and that each was entitled to one-half thereof. Prayer that the land be divided, and that the said

Henry Marquell be allowed by the court $300 for his attorney's fees.

The cause was tried by the court and a general finding was made. Motions for a new trial were filed by all the parties and were overruled by the court. These decisions with the rulings on the demurrers to the third paragraph of the cross-complaint of Michael and Zehner are assigned for error.

The facts proved were substantially as follows: Samuel Marquell was the owner in fee simple of the northwest quarter and the north half of the southwest quarter of section ten, in township twenty-one north, of range eleven east, containing 240 acres of land situated in Delaware county, Indiana. In 1894 he was a widower and had two children, the appellant Anna E. St. Clair being one of them, and the appellee Henry M. Marquell the other. He also had two grandchildren, Willetts Marquell and Samuel Marquell, Jr., who were the sons of the said Henry. David Michael and Emma Zehner were stepchildren. Sometime in 1894, Samuel Marquell said to Albert Jones, who was one of his tenants, "Al, I have got some papers that I would like for you to hold." Jones answered, "Sam, I would rather not do it." Marquell repeated, "I want you to hold them." A few weeks later, Samuel Marquell said to Jones, "Al, here is them papers I want you to hold—to hold, and deliver them as soon as possible after my death to Anna St. Clair and David Michael and Willetts Marquell and Sam Marquell and Emma Zehner." Marquell thereupon placed in Jones' hands a lot of papers in a sealed envelope, which the latter took to his home and laid away in a trunk. About five years afterward, Samuel Marquell called at Jones' residence and said to Jones, "Al, I want them papers." Jones thereupon delivered them to him. Two or three weeks subsequently to this, Jones was at Marquell's house, when the latter said to him, "Al, here is them papers," at the same time handing Jones a package in a sealed

envelope. This envelope was. not the one which enclosed the papers when they were first delivered to Jones. It was indorsed, "Warranty deeds to David Michael, Emma Zehner, Anna St. Clair, Willetts Marquell, and Samuel Marquell." These papers were kept by Jones until after the death of Marquell, and on the day succeeding his funeral the envelope was opened by Jones in the presence of Henry Marquell and the other parties, excepting the two minor children of Henry, and the deeds found therein, which corresponded with the indorsement of the envelope, were then and there delivered by Jones to the grantees named in them, respectively. The deeds so delivered were as follows: (1) A warranty deed conveying to Anna E. St. Clair, subject to a life estate of the grantor, the west half of the northwest quarter of section ten and off the northwest quarter of the southwest quarter of said section, township twenty-one north, of range eleven east, in Delaware county, Indiana. The consideration expressed was $1,000 and love and affection. The date of the deed was April 11, 1894, and the certificate of acknowledgment bore the same date. (2) A warranty deed conveying to the grantor's stepchildren, David Michael and Emma Zehner, the north fifty acres off of the west 120 acres of the northwest quarter of section ten, and off the northwest quarter of the southwest quarter of said section. The consideration named was —— dollars and love and affection. This deed was dated April 11, 1894, and the certificate of acknowledgment was made September 10, 1894. (3) A warranty deed conveying to the said David Michael and Emma Zehner, subject to a life estate of the grantor, a lot in the town of Albany, Delaware county, Indiana. Consideration $1,000 and love and affection. Date of deed and of acknowledgment April 11, 1894. (4) A warranty deed conveying to the grantor's grandchildren, Willetts Marquell and Samuel Marquell, Jr., the south seventy acres of the west 120 acres of the northwest quarter of section ten, and of the north half of

St. Clair v. Marquell.

the southwest quarter of said section. The consideration of this deed was $1 and love and affection. Its date was April 27, 1899. The certificate of acknowledgment was dated the same day.

The evidence was full and clear that Samuel Marquell, the ancestor, intended to convey the west 120 acres of said tract to his daughter, Anna E. St. Clair; that he intended the north fifty acres of the east 120 acres for his stepchildren, David Michael and Emma Zehner; and that he intended to give the south seventy acres of the east 120 acres to his grandchildren, Willetts Marquell and Samuel Marquell, Jr.

The court found that there was no advancement to Anna E. St. Clair; that Anna E. St. Clair and Henry Marquell were the owners in fee and tenants in common of the east 120 acres; that Anna E. St. Clair, David Michael, and Emma Zehner were the owners in fee and tenants in common of the north fifty acres of the west 120 acres; that Anna E. St. Clair, Willetts Marquell, and Samuel Marquell, Jr., were the owners in fee and tenants in common of the south seventy acres of the west 120 acres of said tract; and that no advancement had been made to the said Henry Marquell. To reach this conclusion, the court must have been of the opinion that Samuel Marquell had not, by any deed, disposed of the east 120 acres of the real estate described in the complaint and cross-complaint, and that this part of the tract descended to his two children, Anna E. St. Clair and Henry M. Marquell. It must also have held the deed of Anna E. St. Clair to the whole of the west 120 acres, the deed of David Michael and Emma Zehner to the north fifty acres of said west 120 acres, and the deed of the said Willetts Marquell and Samuel Marquell, Jr., to the south seventy acres of the said west 120 acres, were all of them valid, and that they took effect on the same day; that is to say, on the day the deeds were last delivered to Jones in 1899.

The propositions discussed by counsel for appellants are:

(1) That there was no valid delivery of the deeds which were placed in the hands of Albert Jones in 1894; (2) that, if the delivery of the deeds to Jones in 1894 was a sufficient delivery, then the subsequent conveyance of a part of the lands, described in the deed to Anna E. St. Clair, to the grandchildren, Willetts and Samuel Marquell, Jr., was void; (3) that Samuel Marquell intended to convey the north fifty acres of the east 120 acres to David Michael and Emma Zehner, but that, by the mistake of the draftsman of the deed, the land was described as the north fifty acres of the west 120 acres; (4) that Samuel Marquell intended to convey the south seventy acres of the east 120 acres to his grandchildren, Willetts Marquell and Samuel Marquell, Jr., but that by the mistake of the draftsman of the deed the land was erroneously described as the south seventy acres of the west 120 acres.

The motion of the appellant Anna E. St. Clair for a new trial, on the ground that the finding of the court was not sustained by the evidence, should have been granted. The delivery of the deed executed to her by her father, Samuel Marquell, conveying the west 120 acres of the tract owned by him, was absolute and unconditional, and his direction to Jones to hold it, and to deliver it as soon as possible after his (Marquell's) death to the said Anna E. St. Clair, operated as a delivery to the grantee, if afterwards accepted by her. After such delivery to Jones, the grantor had no control over the deed, and it was the duty of Jones to retain the possession of it for the grantee. His surrender of it to Marquell, some five years afterward, was wrongful and unauthorized, and in no way affected the title conveyed. *Osborne* v. *Eslinger,* 155 Ind. 351, 80 Am. St. 240, and cases cited.

Although Jones was not told by Marquell what the contents of the envelope were when it was delivered to him in 1894, yet he took the papers from Marquell upon the express agreement that he would hold them until the death

of Marquell, and then deliver them as soon as possible to the persons named by Marquell, who were, in fact, the grantees mentioned in the several deeds. These deeds had been properly signed and acknowledged by the grantor, the contracts were apparently consummated, and the deeds were left in the power of Jones, a third party, with special instructions to hold them until the death of Marquell and then to deliver them as soon as possible to the particular persons named by the grantor. Jones accepted the trust, and, under these circumstances, there can be no reason for holding that such a delivery was not binding. The mistake made by Jones some five years afterward in returning the papers to Marquell did not and could not affect the titles conveyed by the deeds deposited with him.

The fact that the deed to Anna E. St. Clair, contained in the envelope last delivered to Jones, was among the papers first delivered, was sufficiently shown by its date, and by the declaration of Samuel Marquell when he returned the papers to Jones. It appeared upon its face that it had been executed April 11, 1894, while the date of the return of the papers to Jones was in 1899.

The evidence that Samuel Marquell intended to convey the whole of the west 120 acres to his daughter, Anna E. St. Clair, was practically uncontradicted, and his deed of April 11, 1894, confirmed the intention he had often expressed. No reformation of the deed of Anna E. St. Clair was necessary, and she asked for none. For the purpose of quieting her title to the west 120 acres it was, however, competent for her to prove that there was a mistake in the description of the land in the deed to David Michael and Emma Zehner, which appeared to have been executed the same day that her deed was made, and which purported to convey to these persons fifty acres of the land described in the deed to the said Anna E. St. Clair. On this point, also, the evidence furnished by the deeds themselves, the situation and description of the other lands owned by Samuel

Marquell, and his repeated declarations of his intention to give the north fifty acres of the east 120 acres to David Michael and Emma Zehner, was strong and convincing, and there was no evidence to the contrary.

The deed to Willetts Marquell and Samuel Marquell, Jr., purporting to convey to them the south seventy acres of the 120 acres conveyed to Anna E. St. Clair, was executed April 27, 1899, being some five years after the deed to Anna E. St. Clair. The deed to the latter took effect from the time of its delivery to Albert Jones, and the later deed to the grandchildren could convey no part of the land already conveyed. *Stout* v. *Rayl,* 146 Ind. 379, 385.

The evidence leaves no room for doubt that a mistake was made by the draftsman of the deed to Willetts Marquell and Samuel Marquell, Jr., and that the grantor intended to convey to his two grandchildren the south seventy acres of the east 120 acres of the tract described, instead of the south seventy acres of the west 120 acres.

The execution of the deeds contained in the envelope which was delivered to Jones for the several grantees was in the nature of a family settlement, and its purpose should be effectuated if such purpose is clear and can be executed without a violation of any rule of law. It is evident from the proof that Samuel Marquell intended to divide and dispose of his entire tract of 240 acres in a different manner from that which would take place under the statutes of descent. The deed to his daughter, Anna E. St. Clair, conveyed to her the whole of the west 120 acres of the tract. It recited a consideration of $1,000, as well as love and affection. The grantor had frequently pointed out the land which he intended for her, and the portion designated was precisely that described in the deed to her of April 11, 1894. It is highly improbable that he would have conveyed to her the whole 120 acres, and at the same time, or at a later day, designedly conveyed the same property to his two grandchildren and two stepchildren. He had another

tract of the same size, and of nearly the same value, out of which he could have given to his grandchildren and step-children the same proportion of his lands without injustice, and without a conflict with his former conveyance to his daughter. The deeds were received by the several grantees the day after the funeral of the grantor, Samuel Marquell, and, so far as the evidence discloses, were accepted by them without knowledge of any error in the description of the lands conveyed. The mistake, therefore, may be regarded as a mutual one; and, in furtherance of the intention of the grantor, and because of the strong and clear equity of this case, the deed to David Michael and Emma Zehner, and that to Willetts Marquell and Samuel Marquell, Jr., we think should be reformed.

It is said that family settlements are treated with especial favor by the courts, and that equities are admitted with regard to them which are not applied to agreements generally, and this on the ground that the honor and peace of families make it just and proper to do so. 12 Am. & Eng. Ency. Law (2d ed.), 875. Although the conveyances of the lands in this case may not have been technically a family settlement, yet the transaction so nearly resembles such a disposition of the property of the grantor that no violence is done to the law by applying to it the equitable principles which usually govern such arrangements.

It is also to be observed in this connection that neither of the deeds to David Michael and Emma Zehner, nor to Willetts and Samuel Marquell, Jr., purported to be a mere voluntary conveyance, but each stated a money consideration of $1 in addition to the consideration of love and affection. In this respect they resemble the deed in *Mason* v. *Moulden,* 58 Ind. 1, in which case the court held that the grantee was not a mere volunteer.

There is no merit in the objection that the conveyance of the lands by the deeds delivered to Jones was an at-

St. Clair *v.* Marquell.

tempted testamentary disposition of this part of the estate of the grantor, and the point needs no further consideration.

The court properly refused to allow any sum for the attorney's fees for the plaintiff below. All the defendants appeared to the action, and contested the matters stated in the complaint. They derived no benefit whatever from the services of the attorneys employed by the plaintiff, and were obliged to employ and pay counsel to represent them. The statute authorizing an allowance of attorney's fees in suits for partition was not intended to apply to such a case. §1222 Burns 1894; *Bell* v. *Shaffer,* 154 Ind. 413, 425; *Osborne* v. *Eslinger,* 155 Ind. 351, 80 Am. St. 240.

Upon the whole of the evidence, we are of the opinion that the finding of the court that no advancement had been made to Anna E. St. Clair was correct. However, in the view we have taken of the case, it was not material, in the present suit, at least, whether the conveyance to her of the 120 acres was an advancement, a gift, or a sale. The several deeds disposed of the entire tract of 240 acres, so that there was no occasion to consider the question of advancements.

For the reasons stated the judgment is reversed, with instructions to the court to overrule the demurrers to the third paragraph of the cross-complaint of David Michael and Emma Zehner, and to sustain the motions of Anna E. St. Clair, David Michael, Emma Zehner, Willetts Marquell, and Samuel Marquell, Jr., for a new trial, and for further proceedings not inconsistent with this opinion.