## STAIR *v.* OSWALT ET AL.

[No. 17,956. Filed March 16, 1951. Rehearing denied
April 26, 1951. Transfer denied June 8, 1951.]

*Weigle & Munger*, of Lafayette, for appellant.

*Roy C. Street*, of Lafayette, and *Edward L. McCabe*, of Williamsport, for appellees.

BOWEN, P. J.—This is an appeal from the judgment in an action by appellant, Alice Mae Stair, to quiet her title to a tract of real estate, subject to the life estate of appellee Bertha Oswalt in an undivided one-third thereof, and against the appellee Clifford Oswalt, who was claiming title to said tract by virtue of a warranty deed allegedly executed by the decedent, Charles Oswalt. Both defendants filed cross-complaints against the other parties in said action seeking to quiet their respective titles to said real estate.

The cause was submitted to the court for trial upon appellant's complaint and the answer of both appellees thereto, and the cross-complaints of appellees seeking to quiet title. The court entered special findings of fact and conclusions of law and found for appellee Clifford Oswalt upon his cross-complaint, and against plaintiff on her complaint, and against Bertha Oswalt on her cross-complaint, and that Clifford Oswalt was the owner of the real estate in question and was entitled to have his title thereto quieted, and entered judgment accordingly.

The errors assigned for reversal are that the court erred in its conclusions of law upon the findings of facts, and that the court erred in overruling appellant's motion for a new trial which was based upon the ground that the decision of the court is not sustained by sufficient evidence and is contrary to law, and that the court erred in the admission of certain evidence which was objected to by the appellant.

There was no substantial dispute as to the facts, and the claim of title of the appellee, Clifford Oswalt, which the court upheld in its judgment, was based upon a deed which was signed and acknowledged by the decedent and left by him with his attorney with instructions to deliver said deed in the following language: "After my death you give the deed to Clifford Oswalt."

Roy C. Street, the attorney in question, testified that the decedent came to his office, on which occasion he prepared the decedent's will, which will is appellee's exhibit No. 6. Such will devised and bequeathed to Clifford Oswalt the real estate in controversy. On the occasion of this same visit to his office, the attorney, Roy C. Street, prepared a deed for the real estate mentioned in such will, which deed was signed, acknowledged, and delivered to the said Roy C. Street with the instructions that after decedent's death he give such deed to Clifford Oswalt. Such deed was a warranty deed from Charles Oswalt, then an unmarried adult, to Clifford Oswalt without any reservations, restrictions, or conditions by the grantor, and the decedent parted with all dominion and control over such warranty deed at the time of such delivery to said Street. After such warranty deed was executed, the said attorney, Roy C. Street, placed the same in an envelope and sealed said envelope and placed the sealed envelope in the lock box of the said Roy C. Street where the same remained in

the exclusive possession, control, and dominion of the said Street until after the death of the decedent.

On June 24, 1926, the said Charles Oswalt married one Bertha Mae Hudson, who, as Bertha Oswalt is a defendant, cross-complainant, and appellee herein, and by reason of said marriage, the will executed by said Charles N. Oswalt on January 17, 1925, became and was rendered null and void and was of no further force and effect.

Approximately four years after the execution of the will and deed in question the said decedent made a written application for a loan to the Lafayette Joint Stock Land Bank of Lafayette, Indiana, and with his wife joining, executed a mortgage on such real estate, and in his application for a loan, stated that there were no outstanding deeds or mortgages upon said premises unrecorded, and no liens or equities of any kind affecting the title.

Following the death of decedent, the cross-complainant, defendant, and appellee, Clifford Oswalt, went to the office of the attorney, Roy C. Street, and he handed to Clifford Oswalt the envelope containing the warranty deed and the deed was removed from the envelope and accepted and retained, and Oswalt caused such deed to be recorded in the Recorder's Office of Tippecanoe County, Indiana.

By the assignments of error herein, we are called upon to determine whether or not, upon the facts and circumstances of this case, such deed passed title to the real estate to the appellee Clifford Oswalt as found and determined by the trial court, and the important question is whether or not the delivery of the deed under such circumstances constituted an intention on the part of said decedent to presently vest the title in said real estate in appellee Clifford Oswalt and whether he did thereby part with the dominion and control of

said warranty deed at said time with the intention of vesting title of said real estate in the said appellee.

The court properly held that any statements made in the aforementioned application for mortgage or other subsequent circumstances could have no effect whatsoever on the execution of said warranty deed to the appellee Clifford Oswalt except that said mortgage became a lien upon said real estate.

The question of Oswalt's intention must be established as of the time of delivery of the deed to Roy C. Street, and statements made subsequently of contrary intention cannot affect the deed. *Oberholtz* v. *Oberholtz* (1947), (Ohio App.), 74 N. E. 2d 574; *Selby* v. *Smith* (1922), 301 Ill. 554, 134 N. E. 109; *Smith* v. *Fay* (1940), 228 Iowa 868, 293 N. W. 497; *Blackiston* v. *Russell* (1931), 328 Mo. 1164, 44 S. W. 2d 22; *Kokomo Trust Co.* v. *Hiller* (1918), 67 Ind. App. 611, 116 N. E. 332; *St. Claire* v. *Marquell* (1903), 161 Ind. 56, 67 N. E. 693; *Squires* v. *Summers* (1882), 85 Ind. 252.

The appellant insists that there is insufficient proof of the grantor's intent to vest title at the time of such deed, and that, on the contrary, the evidence is only consistent with testamentary intention and purpose on the part of such grantor when the execution of the will at the same time is taken into consideration.

Where two instruments are executed as parts of a single transaction and pertain to the same matter, they must be construed together in order to ascertain the intention of the person executing such instruments. *Copeland* v. *Summers* (1894), 138 Ind. 219, 35 N. E. 514.

Considering the fact that the decedent, Charles Oswalt, executed his will devising the same real estate to appellee Clifford Oswalt, at the same time he executed and delivered such deed, under the issues, it was the duty of the court below to deter-

mine the facts of the testator's intention as shown by the execution of the two instruments at the same time under the circumstances shown by the record and related herein. It is true that by the execution of the will, and considering such fact alone, an intent to make a testamentary disposition of such real estate is shown. It is also true that by the execution of the deed, and considering that fact alone, under the circumstances related, including the delivery of the same to a third party without reservations or conditions by the grantor, and by the parting of all dominion and control over such deed at the time of such delivery, and the subsequent delivery to the grantee after grantor's death in accordance with grantor's instructions, under the law and the decisions of our courts, was sufficient evidence of the intention to immediately vest title in grantee at the time of the execution of such deed.

It is well settled that when a grantor signs and acknowledges a deed and deposits it with a third person to be delivered by him to the grantee at the death of the grantor, without reserving to himself any right to control or record the instrument, if the deed is afterwards delivered to the grantee, the title passes, and the deed ordinarily takes effect by relation as of the date of the first delivery. *St. Clair* v. *Marquell, supra; Stout* v. *Rayl* (1896), 146 Ind. 379, 45 N. E. 515; *Goodpaster* v. *Leathers* (1889), 123 Ind. 121, 23 N. E. 1090; *Newman* v. *Fidler* (1912), 177 Ind. 220, 97 N. E. 785.

The appellant forcefully urges that considering the deed and will together and the circumstances of the execution of each at the same time constitutes evidence which is only consistent with a testamentary intention and purpose. However, it cannot be said as a matter of law that the execution of

such will discloses evidence of an intention contrary to an intention to presently vest title in appellee Oswalt by the execution of the deed. Furthermore, it cannot be said that considering and construing both instruments together, the only conclusion to be reached concerning which reasonable minds could not differ, was that the grantor and decedent Charles Oswalt intended a testamentary disposition of such real estate. A very proper and reasonable inference which the trial court could have drawn from the circumstances of the execution of the deed and will, and which such court in effect did draw by its determination of the fact of the grantor's intention, was that such grantor and testator desired to be doubly certain that the appellee Clifford Oswalt, grantee in the deed and devisee in the will, should not be deprived of the ownership and enjoyment of such real estate, and to effectuate such intention made a deed and presently vested him with the title to such real estate, and at the same time, also executed a will so that if such deed for any reason should be held invalid, by his will the grantee would receive such real estate at decedent's death.

Appellant's sixth assignment of error, that the court erred in admitting the deed in evidence was based upon the contention that a sufficient delivery of the deed had not been proven. Such assignment is not well founded by reason of the conclusions reached herein upon the authorities that there was proof of delivery to vest title in appellee Oswalt. There was also clear and sufficient evidence in the record of the due execution of such deed.

Other assigned errors are waived by a failure of appellant to support the same by propositions, points, and authorities.

The trial court did not err in its conclusions of law

upon the finding of facts, and in overruling appellant's motion for a new trial.

Judgment affirmed.

NOTE.—Reported in 97 N. E. 2d 375.