BAKER ET AL. *v.* GORDON ET AL.

[No. 19,078. Filed February 3, 1960. Rehearing denied April 12, 1960. Transfer denied May 27, 1960.]

586

*Claude Cline,* of Huntington, and *Robert B. Powlen,* of Ft. Wayne, for appellants.

*Newkirk, Keane & Kowalczyk,* of Ft. Wayne, for appellees.

RYAN, J.—The appellants, plaintiffs below, filed their amended complaint, to which appellees' demurrer upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action, was sustained. Upon appellants' failure to plead over, judgment was rendered in favor of appellees and this appeal followed.

Thus the only question presented to this court, and the only question we now decide, is whether or not the facts pleaded in the complaint constituted a cause of action as against the appellees.

The amended complaint and the exhibit which was made a part of the complaint, is therefore set out in full.

"Come now the plaintiffs herein and suggestion of the death of the defendant, Margaret A. Gordon, having been made to the court together with the successors in interest of the said Margaret A. Gordon and leave having been granted by the court for the filing of a supplemental amended complaint herein the plaintiffs now submit the following to be designated as supplemental amended paragraph of complaint as against the substituted parties herein, namely, Robert K. Gordon and George W. Gordon, to-wit:

"1. That on the 15th day of June, 1909, Anna Baker and Kilian Baker, her husband, executed a

deed of conveyance to William D. Gordon, for the following described real estate to-wit:

Lot 46 County Addition to the City of Fort Wayne, Allen County, Indiana according to the recorded plat thereof and also a strip and .tract of ground 5 feet in width adjoining and along the west side of said lot.

That said deed of conveyance was duly recorded by the said William D. Gordon and appears of record in Deed Record 203 at Page 5 of the Deed Records in the office of the Recorder of Allen County, Indiana.

"2.   That said deed was an absolute conveyance in form but that by agreement of the parties to said deed, the grantee therein received and held said property in trust for the use and benefit of the grantor, Anna Baker and that the said William D. Gordon, grantee in said deed as aforesaid, did, contemporaneous with the execution and delivery of said deed, execute and deliver to the said Anna Baker his certain instrument in writing by and under the terms and conditions of which the said grantee, William D. Gordon, did agree that said real estate was to be held in trust by him all under the terms and conditions of said trust agreement and that a copy of said trust agreement is attached hereto, made a part of the allegations of this paragraph of answer and marked Exhibit 'A.'

"3.   .That the said William D. Gordon in his lifetime did acknowledge at various times that he held said property in trust and that the same was not his own property and did not at any time prior to his death repudiate said contract but at all times acknowledged that he held said property all under the terms and conditions of said contract or decla-.ration of trust attached hereto, made a part hereof and marked Exhibit 'A.'

"4.   That said real estate consisted of a parcel of real estate in the down town section of the City of Fort Wayne, Indiana and was at the time of said conveyance, as aforesaid, used and occupied by the said Anna Baker as a residence and that after the execution of said deed of conveyance, the said Anna Baker continued to reside in the

residence situated upon said real estate and resided therein until the time of her death which occurred on the 7th day of May, 1927.

"5. That the death of said William D. Gordon occurred prior to the death of the said Anna Baker and that the use, occupancy, control, dominion and beneficial ownership of said real estate in the said Anna Baker and her right to the use and control thereof in strict accordance with the terms of said trust instrument was not at any time in anywise challenged during her lifetime and that the said Margaret A. Gordon, after the death of the said William D. Gordon, at various times expressly recognized the right of the said Anna Baker to hold said real estate, all under the terms and conditions of said trust instrument and said trust instrument was not in anywise repudiated, until the time when the said Margaret A. Gordon herein claimed ownership of said real estate as hereinafter alleged.

"6. That, after the death of the said Anna Baker, the said Margaret A. Gordon herein did at various and sundry times and frequently during the period of time elapsing from the date of the death of said Anna Baker until the time she repudiated said trust agreement as hereinafter alleged, acknowledge that the said property belonged to and the beneficial ownership of the same was vested in these plaintiffs and she, the said Margaret A. Gordon, continued to exercise dominion over said property and rent the same collecting the income therefrom and paying the taxes thereon all under an express acknowledgment by the said Margaret A. Gordon herein that she did the same as agent for and as trustee for the plaintiffs herein and not otherwise, until she repudiated the same as hereinafter alleged.

"7. That shortly after the death of the said Anna Baker, the said Margaret A. Gordon herein did demolish, with the consent of the plaintiffs, the residence situated upon said real estate and proceeded to rent the same as a parking lot and for various other purposes receiving a large and substantial rental therefrom the exact amount of which is not known to the plaintiffs but was known to the said Margaret A. Gordon, who kept a record

thereof. But plaintiffs allege upon information and belief that the excess of the rentals received upon said real estate from the time the said Margaret A. Gordon took charge of the same until her death, exceeded any expenditures thereon by many thousands of dollars, said excess to the best of the plaintiffs' information belief is at least Five Thousand ($5,000.00) Dollars, none of which said sum has ever been accounted for or paid over to the plaintiffs herein or either of them.

"8. That said Margaret A. Gordon, notwithstanding that she had at many times expressly recognized that she held the said real estate and managed the same only for the use and benefit of these plaintiffs, did on the 9th day of June, 1931 procure a quit-claim deed from the remaining heirs at law of William D. Gordon unto herself, said deed of conveyance being executed on the 9th day of June, 1931 and acknowledged upon said date and delivered upon said date but withheld from record and not recorded until the 11th day of December, 1936, on which said date the same was recorded and appears of record in Deed Record 353 at Page 90 of the Deed Records in the office of the Recorder in Allen County, Indiana.

"9. That the said Margaret A. Gordon procured the recordation of said deed in order that she might encumber said real estate as hereinafter alleged and the said Margaret A. Gordon did on the 12th day of January, 1937, execute a mortgage upon said real estate to the Lincoln National Bank & Trust Company of the City of Fort Wayne, Indiana for the amount of Two Thousand Four Hundred Ninety Three and 92/100 ($2,493.92) Dollars, which said sum of money represented a loan by said bank to the said Margaret A. Gordon and received by her and said loan now exists as a valid lien and encumbrance upon said real estate. That the same Margaret A. Gordon did at said time represent and warrant that she was the owner of said real estate and did not disclose to said Lincoln National Bank & Trust Company of Fort Wayne that she held no beneficial interest in said real estate but held the same only as trustee for the use and benefit of these plaintiffs; that by reason of the

execution of said mortgage and the encumbrancing of said real estate, the plaintiffs herein have, through the acts of said Margaret A. Gordon suffered a lien to exist upon said real estate which said lien was created and the benefits *ddrived* therefrom wholly by the said Margaret A. Gordon and no benefit of which was received by the plaintiffs herein or any or either of them.

"10. That the said Margaret A. Gordon did not inform these plaintiffs that she was intending to, or that she had placed a lien upon said real estate and the plaintiffs knew nothing of the existence of said lien until the repudiation of said trust as hereinafter alleged.

"11. That, notwithstanding the fact as herein alleged, that the said Margaret A. Gordon had procured the funds from the said loan, the said Margaret A. Gordon did not inform these plaintiffs that she was in anywise asserting any claim or interest in derogation of the rights of the plaintiffs herein until a time not exceeding six (6) months before the time of the filing of the first paragraph of complaint herein, but on the contrary, continued to assure these plaintiffs that she was handling said real estate for the use and benefit of the plaintiffs only.

"12. That the said Margaret A. Gordon herein is the sister of these plaintiffs and these plaintiffs had the utmost confidence in the integrity of the said Margaret A. Gordon and relied upon her continued assurances that she was handling and managing said real estate for them and that by reason of said continued assurances made by the said Margaret A. Gordon to these plaintiffs and each of them until the period of time of less than six (6) months prior to the institution of this action, these plaintiffs did not make any inquiry as to the state of the title or encumbrances upon the title of said real estate and did at all times rely upon the representations made by the said Margaret A. Gordon to these plaintiffs that said real estate was free and clear and unencumbered, and that she was managing the same in the interests of these plaintiffs.

"13. That at various and sundry times, the exact dates of which these plaintiffs do not now

recall, but at intervals at least as frequently as every three (3) months and continuously from the time of the death of the said Anna Baker until within six (6) months before the institution of this suit, the said Margaret A. Gordon assured these plaintiffs and each of them that she would account for the rents, issues and profits of said real estate and would sell and dispose of the same and make distribution in accordance with the terms of said trust. That finally and at a time not more than six (6) months prior to the institution of this suit, the said Margaret A. Gordon repudiated said trust and claimed and asserted complete title to said real estate as her own absolutely and then and there stated to these plaintiffs that she was not intending to account to or pay over to these plaintiffs any rentals which she had received and that she claimed said real estate as her sole and absolute property.

"14. That under the terms and conditions of said declaration of trust attached hereto, made a part hereof and marked Exhibit 'A,' it was provided therein that the said William D. Gordon was to hold said real estate as trustee, pay any and all encumbrances thereon; monies advanced for life insurance policies on the life of Anna Baker and any monies advanced to Anna Baker and, after reimbursing himself for any and all advancements made, was to pay and distribute the proceeds from the sale of said real estate to the plaintiffs herein in equal shares.

"15. Plaintiffs further allege that the advancements which the said William D. Gordon made to the said Anna Baker in her lifetime did not exceed the sum of Two Thousand ($2,000.00) Dollars and that these plaintiffs upon proper accounting being made are willing to permit deduction from any rentals which the said Margaret A. Gordon herein collected and held in such amount as will give due credit for any and all of the advancements so made by the said William D. Gordon under the terms and conditions of said trust instrument.

"16. Plaintiffs further allege that the plaintiffs herein, Alfred K. Baker, Rosella M. Baker and Grace A. Abbott are the same and identical persons as Alfred K. Baker, Grace A. Baker and Rosella

M. Baker as referred to in Exhibit 'A' hereto attached, the said Grace A. Baker having married since the execution of said agreement on June 15, 1909 and since said date has married and her name is now Grace A. Abbott.

"17. The said plaintiffs further allege that the said defendants Robert K. Gordon and the said George W. Gordon are the two children and heirs of the said William D. Gordon and the said Margaret A. Gordon, deceased as herein alleged and at all times prior to and subsequent to the execution of the said Exhibit 'A,' attached hereto, had full knowledge of all the facts and of the terms and conditions of said trust agreement as set forth in said Exhibit 'A' and during the lifetime of the said Anna Baker and during the lifetime of the said William D. Gordon and had control of the management and operation of the property and real estate as herein described and had and do now have full knowledge of all receipts of money and all expenditures of money pertaining to the collection of rents and expenditures and with reference to all assets coming to their hands by reason of the facts as herein stated.

"WHEREFORE, the plaintiffs pray the Court:

"1. That an accounting be taken of the rents, income, interest and profits of said trust which have come, or should have come into the hands of the present defendants herein, as well as the present existing encumbrance upon said real estate, if any, and that these plaintiffs recover from the said defendants the aggregate of said sums.

"2. That the said defendants be required to account for and pay the same to these plaintiffs.

"3. That the Court appoint a trustee to liquidate said trust, sell said real estate and made distribution of the proceeds thereof in equal shares to the plaintiffs herein as provided under said trust agreement.

"4. That, pending said sale, a receiver be appointed for said real estate to collect, receive and hold the rents, profits and income therefrom for disbursement thereof, as shall be ordered by this Court.

"5. That the Court grant such further relief in the premises as equity and good conscience shall require."

"EXHIBIT TO SUPPLEMENTAL
SECOND PARAGRAPH OF
COMPLAINT

"KNOW ALL MEN BY THESE PRESENTS:

"That whereas Anna Baker by warranty deed in which she was joined by her husband Kilian Baker has this day conveyed to William D. Gordon of Peoria Illinois the following described real estate in Allen County, to-wit:

Lot 46 County Addition to the City of Fort Wayne together with the vacated alley adjoining and along the West side of said lot.

"And whereas the consideration for said transfer has not been fully stated in said deed of conveyance and it has been agreed that the terms of said sale of said real estate and the considerations shall be more fully stated in a separate agreement, therefore it is agreed:—

"The said William D. Gordon shall purchase and have assigned to him all liens, claims or encumbrances against said real estate so as to prevent forced sale of said real estate and shall allow the said Anna Baker to use and possession and occupancy of said premises for and during her life, thus giving to said Anna Baker assurance of use of said premises without danger of dispossession by mortgagees.

"It is further agreed that at the death of said Anna Baker the said William Gordon will sell said real estate and from the proceeds of sale pay all encumbrances against said real estate and after deducting all money used by him on and after this date to purchase claims, liens and encumbrances, and all money that he may loan to said Anna Baker hereafter and all money advanced by him to pay life insurance policies on the life of Kilian Baker and loans thereon to pay the balance and residue if any to Alfred K. Baker, Grace A. Baker and Rosella M. Baker, share and share alike.

"The said Anna Baker hereby directs the payment to said three children of said balance and residue.

"Nothing herein contained shall be construed so as to prevent the said Anna Baker joining in a deed ,with William Gordon for the sale of said real estate. That is, if said Anna Baker desires to convey her life estate in said real estate by joining in a deed .with William Gordon for the sale of said real estate, then the amounts that would go to three said children shall be paid to said Anna Baker.

"It is agreed further that said Alfred, Grace and Rosella Baker are only entitled to balance of the proceeds of sale in event of sale after the death of said Anna Baker.

"In witness whereof the parties have hereunto set their hand this 15th day of June, 1909."

Appellants assign as error the sustaining of appellees' demurer to said complaint.

,Where the sufficiency of a complaint is attacked by demurrer for want of facts, and, as here, no motion to make more specific has been filed, the rule in Indiana is that, in such a case, the complaint will be liberally construed to sustain its validity. *Budkiewicz* v. *Elgin, Joliet and Eastern Ry. Co.* (1958), 238 Ind. 535, 150 N. E. 2d 897.

It is also the rule in construing a complaint to which such a demurrer has been filed, that the complaint will be deemed sufficient whenever the necessary allegations can be fairly gathered from all the averments of the complaint, and all necessary facts will be deemed stated that can be implied by fair and reasonable intendment from the allegations made in the complaint. *Fauvre Coal Co.* v. *Kushner* (1919), 188 Ind. 314, 325, 123 N. E. 409, 413.

It appears from the complaint that Anna Baker and her husband executed a deed to the real estate, and

concurrently with the execution of said deed, ■ executed the separate instrument marked Exhibit "A" and which is attached to the complaint. Where, as here alleged, two instruments are executed as parts of the same transaction and pertaining to the same subject matter, they should be construed together to determine the intention of the person or persons executing such instruments. *Stair* v. *Oswalt et al.* (1951), 121 Ind. App. 382, 97 N. E. 2d 375.

For the creation of an express trust it is necessary that the trust be created by a direct and positive act of the settlor and be evidenced by some instrument ■ in which the language either expressly or by plain implication shows an intention to so create a trust. *Ross* v. *Thompson et al.* (1957), 128 Ind. App. 89, 146 N. E. 2d 259.

To create a trust it is not necessary to use any particular language or form of expression, but where the settlor, the trustee, the cestui que trust, the property ■ involved, and the object to be obtained all appear with reasonable certainty from the writing, the requirements of the law are satisfied and an express trust is created which the courts will recognize. *Holsapple* v. *Shrontz* (1917), 65 Ind. App. 390, 117 N. E. 547. The complaint and Exhibit "A" attached thereto contain averments indicating the creation of an unextinguished trust.

The complaint further alleges that Margaret A. Gordon, after the death of the original trustee, recognized the right of Anna Baker to hold said real estate under the terms and conditions of the alleged trust instrument as set up in Exhibit "A," and that Margaret Gordon acknowledged that the beneficial ownership of the property was vested in the plaintiffs and that Margaret Gordon exercised control over the prop-

erty under an express acknowledgment that she did so as the agent and trustee for the plaintiffs-appellants. Further, that she did not repudiate or assert any claim in derogation of the rights of plaintiffs-appellants until a time not exceeding six months before the filing of the first paragraph of complaint, but on the contrary assured plaintiffs-appellants that she was handling the real estate for their use and benefit only.

It would appear that, as against the demurrer here involved, the complaint sufficiently states a cause of action.

Judgment of the trial court is reversed, with instructions to overrule the demurrer, and for further proceedings.

Myers, C. J., Ax and Cooper, JJ., concur.

## ON PETITION FOR REHEARING

RYAN, J.—The petition for rehearing charges that this court ignored a jurisdictional question. This case was originally filed in the Allen Circuit Court and then on a change of venue sent to the Wells Circuit Court. The Wells Circuit Court then remanded the case back to the Allen Circuit Court, in which court the appellees filed their demurrer to the complaint. The appellees then on appeal asserted that the Allen Circuit Court had no jurisdiction to act in this particular case.

The Supreme Court of Indiana, by Judge Bobbitt, in the case of *State ex rel. Johnson* v. *Reeves, Judge, etc. et al.* (1954), 234 Ind. 225, 228, 125 N. E. 2d 794, has stated that there are three essential elements of jurisdiction:

"(1) jurisdiction of the subject-matter, (2) jurisdiction of the person, and (3) jurisdiction of the particular case." (Citing cases.)

598

It is apparent that the Allen Circuit Court had jurisdiction of the subject matter of this case, and it is also apparent that when the appellees filed their demurrer they waived any question as to jurisdiction of the person by such general appearance, and where the jurisdiction of the trial court over a particular case is in question, it must be raised at the earliest opportunity. *State ex rel. Johnson* v. *Reeves, Judge, etc. et al. supra.*

There is nothing in the record before us to show that appellees raised the question of jurisdiction over this particular case at any time in the proceedings had in the Allen Circuit Court. Having failed to raise the question at the earliest opportunity, the question of how or why this cause was remanded back to the Allen Circuit Court is thereby waived.

Petition for rehearing denied.

Myers, C. J., Ax, Cooper, JJ., concurring.

NOTE.—Reported in 164 N. E. 2d 118. Rehearing denied 164 N. E. 2d 650.