TONI *v.* KINGAN & COMPANY.

[No. 27,016.  Filed May 1, 1938.  Rehearing denied
November 29, 1938.]

*L. Russell Newgent, William B. Miller* and *Otis Gulley,* for appellant.

*Frank C. Dailey, Edgar M. Blessing, Robert A.*

*Efroymson, Perry E. O'Neal* and *George S. Dailey,* for appellee.

HUGHES, C. J.—This is an action by the appellant, plaintiff below, against the appellee, defendant below, based upon three paragraphs of complaint which allege in substance that the appellant was employed by the appellee in 1909 and continued in said employment until June 13, 1931; that on November 23, 1915, while in the employment of appellee and in due course of his duties he was negligently and carelessly injured by another employee of the appellee, causing appellant to become a permanent cripple; that he was crippled in his right leg and it was necessary to have the knee cap removed from said leg on November 25, 1923.

It is averred that as a result of said injuries the appellee became liable to the appellant for damages or compensation and that in consideration of the appellant waiving all claims for compensation or damages for said injuries and as a settlement and a compromise thereof the appellee did on or about the 17th day of January, 1917, promise and agree to give plaintiff a permanent job with defendant at work plaintiff could do in his crippled condition in its Indianapolis plant during plaintiff's life at his then average wages, which were approximately $24.00 per week and that as a result of said agreement and by reason thereof the defendant became duly bound to furnish plaintiff with work at said wage during plaintiff's life.

It is further averred that the agreement was made by the appellee acting by and through its treasurer, one Robert Sinclair, who at said time with other officials of defendant was in charge of the management of the said business of defendant at its Indianapolis plant; that said appellee acted upon said agreement so negotiated by keeping plaintiff in its employ until long after the expiration of the statute of limitation had run against plain-

tiff to sue for said injuries; that the appellee company received the benefit of said agreement of settlement by reason of not paying compensation or damages to plaintiff; that the appellant acted upon said agreement and did not make any claim to appellee for damages or compensation and waived said claim for damages or compensation and that he entered upon said employment at said time under the terms of said agreement and did work for the appellee and in all things fully complied with said agreement and continued in appellee's employment until the 13th day of June, 1931, at which time the appellee without cause wrongfully breached said agreement by discharging said appellant from its employment.

The appellant further alleges that at the time of making said agreement he signed, executed, and delivered to the appellee a release then and there releasing appellee from all liability in connection with said injuries sustained by him.

The second and third paragraphs of complaint are somewhat different in their allegations, but the substance is the same as the first.

The appellee filed an answer in general denial and several affirmative paragraphs to the effect that the contract had been rescinded, abandoned, and terminated; that the same was an indefinite contract and terminable at will; that no official of Kingan & Company had authority to make contracts of this nature; that the action did not accrue within six years and was barred by the statute of limitations and that the contract had been abandoned and abrogated.

It appears from the trial of said cause the appellant offered evidence to sustain the allegations of his complaint but the court refused to permit certain evidence to be introduced and the appellant being unable on account of the ruling of the court to introduce certain

evidence rested his case and upon motion of the appellee the jury was instructed to return a verdict for the appellee. The jury, pursuant to said instruction, returned a verdict for appellee and judgment was rendered thereon.

The error relied upon for reversal is the overruling of appellant's motion for a new trial.

The reasons assigned in the motion for a new trial are as follows:

(1) The court erred in sustaining the objections of the defendant to the following question propounded to the plaintiff with reference to a statement made by Robert Sinclair, president and one of the managers of Kingan & Company, in reference to contract sued upon, to wit:

"Q. What did Mr. Robert Sinclair say to you?
"Mr. Dailey: To which we object for the reason it hasn't been shown by any evidence that Robert Sinclair had the power or authority to make the contract sued on in behalf of Kingan and Company or to bind the company by what he said or did in the matter inquired about and the agency has not been proved. There is no proof offered that the agreement sued on in this case was in writing; therefore, it is precluded by the Statute of Frauds of the State. There is no proof offered and no pleading on file to show that any contract in this case was in writing or that in any form, verbal or in writing, it was approved by the Indiana Industrial Board nor that it was submitted to the Indiana Industrial Board for approval, therefore, the contract sued upon in the complaint in this case is illegal and unenforcible and void. We object for the further reason that the question seeks to elicit evidence of an illegal opinion and one forbidden by law; that it is in direct violation of the Workmen's Compensation Act.

"Mr. Newgent: The plaintiff now offers to prove that Mr. Robert Sinclair, president of the defendant company, at the time, on behalf of the company, defendant herein, promised and agreed with the plain-

tiff that said defendant would give the plaintiff lifetime employment, or permanent employment, under his present wage scale at that time of approximately $24.00 per week, all of which was in consideration of the plaintiff waiving his claim against the defendant for compensation or damages by reason of the injury.

"THE COURT: Objection sustained."

(2) That the court erred in sustaining the objection of the defendant to plaintiff's offer to introduce plaintiff's Exhibits 1 and 2, stipulated by the parties to be authentic copies of a paper executed by the plaintiff and delivered to the defendant and filed with the Industrial Board, having reference to plaintiff's injuries, said stipulation, offer and objections and rulings, and exceptions are as follows:

We will not set out these exhibits for the reason which will be stated in the opinion.

(4) The fourth reason is that the court erred in refusing to permit the plaintiff, Alex Toni, to testify as to the substance of the conversation had by and between the plaintiff and Robert Sinclair, an officer and manager of the defendant company, on or about December, 1917, with reference to plaintiff's future employment and his claim for damages and compensation; said question so propounded to the plaintiff, the objections thereto, the offer to prove and the ruling of the court and exceptions thereto are as follows:

"Q. What if anything was said?
"MR. DAILEY: To which we object for the reason it hasn't been shown by any evidence that Robert Sinclair had the power or authority to make the contract sued on in behalf of Kingan and Company or to bind the company by what he said or did in the matter inquired about, and agency has not been proved. There is no proof offered that the agreement sued on in this case was in writing; therefore, it is precluded by the Statute of Frauds of the State. There is no proof offered and no pleading on file to show that any contract in this

case was in writing or that in any form, verbal or in writing, it was approved by the Indiana Industrial Board for approval, therefore, the contract sued upon in the complaint in this case is illegal and unenforceable and void. We object for the further reason that the question seeks to elicit evidence of an illegal opinion and one forbidden by law; that it is in direct violation of the Workmen's Compensation Act. We object for the further reason that the plaintiff's counsel has stated that this agreement made on December 17, 1917, was the part of the settlement in which a promise was made by the defendant for permanent employment or lifetime employment; that this was more than two years after the alleged injury and that a promise made after the two years' statute of limitation had run is wholly without consideration and unenforceable. We object for the further reason that the question now calls for a conclusion and an opinion."

"Mr. NEWGENT: Plaintiff offers to prove that in this conversation it was agreed by and between the defendant, through its officer and manager, Robert Sinclair, with this plaintiff that in consideration of the plaintiff waiving his claim for damages or compensation that the defendant would give the plaintiff permanent employment in its Indianapolis plant at a wage of approximately $24.00 a week during his entire life and that in that conversation the plaintiff agreed to and did rely and act upon the agreement so made and did not present any claim for damages and has not presented any claim for damages by reason of said injury, prior or hereto, by reason of said agreement.

"THE COURT: Objection sustained."

(5) The fifth reason assigned is that the court in refusing to permit the plaintiff, Alex Toni, to establish the contract sued upon made with the defendant company as alleged in the complaint, to which rulings the plaintiff excepted, and at the close of such ruling the plaintiff made to the court the following statement:

"Mr. NEWGENT: The plaintiff has additional witnesses to prove the contention of this contract as alleged, and assuming that under the court's ruling

with reference to Mr. Toni not being permitted to explain, it would be useless to reoffer all this evidence.

"THE COURT: Yes, I expect that is true.

"To which ruling the plaintiff excepts."

The sixth and seventh reasons for a new trial are that the decision is not sustained by sufficient evidence and is contrary to law and the eighth reason assigned is that the court erred in directing a verdict for the defendant.

The objection of the appellee to the appellant testifying concerning the conversation had with, and the statements made by, Robert Sinclair in making the alleged contract, in substance, contained four reasons:

(1) That it was not shown that he had authority to make the contract,

(2) There was no showing that it was in writing,

(3) There was no showing that the contract was approved by the Indiana Industrial Board, nor that it was submitted to the board for approval, and

(4) That it was in direct violation of the Workmen's Compensation Law.

We will consider the last two reasons first.

The appellant alleged in his complaint that on or about January 17, 1917, the appellee promised and agreed to give appellant a lifetime employment and at said time he signed, executed, and delivered to the appellee a release from all liability on account of the injuries he had received. The appellee alleged in its second paragraph of answer to the amended complaint that the appellant in September, 1917, voluntarily quit his employment with appellee and at said time it was expressly agreed between appellant and appellee that the contract of the appellant with appellee should be rescinded, abandoned, and terminated, but that several weeks later the appellant was re-employed by appellee under a contract terminable at

the will of the appellant or appellee. The same allegation is contained in other paragraphs of answer except as to the allegation of time as to when appellant quit work. It is thus seen in these answers that the appellee expressly admits that there was such a contract as appellant asserts, but appellee contends that it was rescinded, abandoned, and terminated, and a new contract made terminable at the will of either. The appellant asserts that the contract was not only made, but that it was never abandoned, rescinded, or terminated. If such a contract was made then it must be conclusively presumed that both of the parties thereto had elected not to operate under the terms of the Compensation Act as provided therein, the presumption being that one will obey the law and not violate it. The allegations of the complaint and answers are silent as to what if any steps were taken under the compensation law. Under the issues as formed the appellant and appellee had the right to enter into such a contract as alleged in the complaint and it was in no manner contrary to or in conflict with the Compensation Act. The appellee is now estopped from relying upon the Compensation Act as a defense. So the question with which we are concerned is one of pure contract.

Contracts for life employment in consideration of release of claims for damages for personal injuries are recognized as valid in this state and other jurisdictions as not being contrary to public policy nor void for lack of mutuality. In the well considered case of *F. S. Royster Guano Co.* v. *Hall* (1934), 68 Fed. (2d) 533, 535, where the court was considering a lifetime contract, it is said:

"We do not think that the contract can be condemned either as lacking in mutuality or for indefiniteness. It was not lacking in mutuality; for in consideration of the promise of life employment, the plaintiff surrendered for the comparatively

small sum of $700.00 a claim for damages for the loss of an arm upon which, if his claim of negligence had been sustained, he might have recovered a much larger amount. The case is radically different, therefore, from one where nothing is given or surrendered in consideration of the promise of permanent employment. And, upon the principle *id certum est quod certum reddi potent*, the promise of employment for life was sufficiently definite, as also the promise of top wages for common labor. . . . That contracts for life employment in consideration of release from claims for damages for personal injuries are not contrary to public policy, nor void for lack of mutuality, and they will, if possible, be so construed as to come within the rule requiring definiteness is amply sustained by authority."

Citing a long list of cases. And in the case of *The Penn Co.* v. *Dolan* (1892), 6 Ind. App. 109, 32 N. E. 802, it is held that a parol promise by a railroad company to furnish an employee steady and permanent employment, in consideration of a written release of all claims for damages against the company sustained by the employee while in the discharge of his duty as such employee, is not void for uncertainty and indefiniteness as to time of employment. It is further held that such a contract is not within the statute of frauds and is valid. This case is cited with approval in the case of *American Car Co.* v. *Smock* (1911), 48 Ind. App. 359, 93 N. E. 78, where a lifetime contract similar to the instant case was considered by the court and held valid. See *Carnig* v. *Carr* (1897), 167 Mass. 544, 46 N. E. 117, 35 L. R. A. 512; *Rape* v. *M. & O. R. R. Co.* (1924), 136 Miss. 38, 100 So. 585, 35 A. L. R. 1422, and notes.

The appellee asserts that before appellant could introduce any evidence relating to what an alleged agent said, he must first establish that the particular person or officer was an agent at the time the alleged contract was made and that the particular person or officer had authority to make the same.

Admitting that the particular person did not have at the time authority to make the contrtact, the appellee can not now deny the authority after recognizing such contract for fourteen years, if such contract was in fact made. Where one holds the proceeds or beneficial results of the contract, he will be estopped from denying an original authority or a ratification. *Moore* v. *Pendleton* (1861), 16 Ind. 481; *American Car* v. *Smock, supra,* p. 372, and authorities cited.

In the case of *Fisher* v. *Roper Lumber Company* (1922), 183 N. C. 485, 111 S. E. 857, 35 A. L. R. 1417, we find a state of facts very similar to those in the instant case. Some of the same questions raised in the instant case were presented in that case.

On the question of one having authority to bind the company the court said (p. 489) :

"Defendant insists further that there is no evidence of a valid agreement by anyone having authority to bind the company. This contract to take on a crippled employee for life is so out of the usual that authority to make it would assuredly not come under the ordinary powers of a mere foreman or boss, or even of an agent of mere general powers. . . . But, in addition to the testimony of plaintiff that Roberts, who purported to act for the company, was 'operating the mill at the time,' there were facts in evidence tending to show that the company paid for the operation amputating plaintiff's arm, and that the owner of the plant and the general superintendent both personally knew of the injury and the amputation, and that plaintiff was taken back into their employment at the same wages, notwithstanding the loss of his arm, and they knew, or should have known, the condition of his return and the agreement concerning his employment; assuredly they have every opportunity to know, and there were facts sufficient to excite inquiry as to the terms of his further employment. As said in *Powell* v. *Powell & K. Lumber Co.,* 168 N. C. 632, 84 S. E. 1032: 'The scope of the implied authority of a general agency may be extended by

reason of acts indicating authority which the principal has approved, or knowingly or, at times, negligently permitted the agent to do in the course of his employment.' It appeared that this man having only one arm was on the employer's pay roll at the price of a full hand for twelve years, and, if the management did not know of the terms of plaintiff's employment, their negligence in this respect should be imputed to them for knowledge."

The complaint alleges that the contract was entered into with one Robert Sinclair who was the treasurer and manager of the appellee company, and with other officials of the appellee company, whose names were unknown to the appellant. If it be a fact, as alleged in the complaint, that a release of all claims and damages was executed by appellant to the appellee and the contract, as alleged, entered into with the said Sinclair, or with Sinclair and other officers, and for a period of fourteen years said contract was recognized by both parties, the appellee can not now assert that the ones representing it had no authority to make the contract. A full discussion of this principle is found in the case of *Royster Guano Co.* v. *Hall, supra.*

In the complaint it is alleged that the said Sinclair was the treasurer and one of the managers of the company, but in the offer to prove the appellant asserted that he was the president of the company at the time the alleged contract was made.

The appellant contends that the court erred in refusing to admit in evidence his exhibits one and two which constituted a notice of employee's rejection of the Workmen's Compensation Law. The date of these exhibits was December 17, 1917, being more than two years after the injury received.

We can conceive of no reason for the admission of these exhibits under the issues as formed in the case.

No error was committed in the ruling of the court as to these issues.

It is also contended by the appellee that the appellant's cause of action did not accrue within six years last past. We think there is no merit in this contention. It is alleged that the contract was executed on January 15, 1917, and that he was discharged on July 13, 1931, the first paragraph of amended complaint was filed December 5, 1933, and the second and third paragraphs were filed in September, 1934. The right of action did not accrue until a breach of the contract, which, as alleged, was June 13, 1931.

It would be a harsh rule of law that would prevent the appellant, under the circumstances disclosed, from pursuing an action upon such a contract as alleged. The appellee by its conduct and acts led the appellant to believe that he was secure in a lifetime employment and after a long period of time after the statute of limitation had run for filing a claim for compensation he was then discharged and the contract, if any, repudiated.

We think there was error committed in excluding the evidence offered to prove the terms of the contract and the conversation had by the appellant with the witness, Sinclair.

Judgment reversed.