ADVANCED COPY PRODUCTS, INC. *v.* JERRY COOL.

[No. 2-1175A317. Filed June 21, 1977. Rehearing denied July 15, 1977. Transfer denied January 9, 1978.]

*Jack Quirk, Hampton & Robinson,* of Muncie, *James E. Hawes, Jr., Andrew W. Lilliston, Jr., Ice Miller Donadio & Ryan,* of Indianapolis, for appellant.

*Perry W. Cross, Dennis, Cross, Raisor, Jordan & Marshall,* of Muncie, for appellee.

## STATEMENT OF THE CASE

LOWDERMILK, J.—This case was transferred to this office from the Second District in order to help eliminate the disparity in caseloads among the Districts.

Plaintiff-appellant Advanced Copy Products, Inc. (ACP) appeals from the trial court's granting of defendant-appellee Jerry Cool's motion for summary judgment wherein the court held that a covenant not to compete signed by the parties was not supported by sufficient consideration.

## FACTS

ACP is a corporation which sells and services office equipment and supplies. ACP hired Jerry Cool in March, 1971 to service duplicating and copying equipment and to sell service contracts and supplies. Cool remained an employee of ACP until December 17, 1973 at which time he became a serviceman and salesman for another company which marketed services and equipment similar to those marketed by ACP.

In September, 1971, six months after he began working for ACP, Cool executed a written employment agreement wherein he promised that for the salary paid and for the fringe benefits of auto and auto expenses and also future fringe benefits,

he would not work for any company which sold or leased the same type of product as that sold by ACP for one year after leaving ACP's employment, would not devulge any customer lists by word or document, and would not do anything that would cause a loss of revenue to ACP.

The covenant not to compete contained in this first written agreement was not considered binding on the parties because no new consideration was given at the time this agreement was signed. This employment arrangement was terminable at will by either party.

In January, 1973 a new written employment contract was signed. This new contract contained exactly the same provisions as the previous oral and written agreements, except a provision was added which allowed either party to terminate Cool's employment by giving the other party 30 days notice, and Cool's covenant not to compete was extended to five years and limited in scope to 11 eastern Indiana counties.

The trial court found that there was no indication that Cool's signing of the new agreement was a condition precedent to his continued employment with ACP, that Cool's continued employment did not constitute consideration which would support the covenant not to compete. The court also found that in the January, 1973 contract the requirement of 30 days notice prior to termination of the employment arrangement by either party did not constitute new consideration. The court further found that the covenant not to compete was unenforceable, both in its present modified form and in its original form, because it was not supported by consideration.

## ISSUE

The sole issue which we have been asked to determine is whether the covenant not to compete contained in the Janu-

ary, 1973 employment agreement was supported by consideration.

## DISCUSSION AND DECISION

ACP contends that summary judgment was improvidently granted in favor of Cool because there existed sufficient consideration to support the covenant not to compete. Accordingly, ACP asserts that the judgment is contrary to law and should be reversed. We agree.

It is clear that the initial offer of employment with its incumbent mutual benefits would constitute sufficient consideration to support a covenant not to compete.[1] However, it is unclear whether the continued employment of an employee would constitute sufficient consideration to support a covenant. But since the trial court found that there was no evidence which indicated that Cool's continued employment with ACP was dependent upon his signing the new contract which contained the covenant not to compete, we can find no error in the trial court's decision which held that such continued employment did not constitute adequate consideration to support such covenant.

The parties in the case at bar agree that a new contract or the modification of a contract in force must be supported by adequate consideration.[2] However, they differ as to whether the additional provision, which required the giving of 30 days notice by either party prior to the termination of Cool's employment, would have constituted a consideration which would have supported the covenant not to compete. We are of the opinion that such a notice provision would constitute new consideration.

1. See *Grand Union Tea Company* v. *Walker* (1934), 208 Ind. 245, 195 N.E. 277, *Welcome Wagon, Inc.* v. *Haschert* (1955), 125 Ind. App. 503, 127 N.E.2d 103, and *Ebbeskotte* v. *Tyler* (1957), 127 Ind. App. 433, 142 N.E.2d 905.

2. See *Puetz* v. *Cozmas* (1958), 237 Ind. 500, 147 N.E.2d 227, and *Myers* v. *Maris* (1975), 164 Ind. App. 34, 326 N.E.2d 577.

In *Salt Springs National Bank* v. *Schlosser* (1930), 91 Ind. App. 295, 171 N.E. 202, 205, this court said that valuable consideration may consist of a ". . . right, profit, or benefit accruing to one party, or some forebearance, detriment, loss, or responsibility given, suffered or undertaken by another." The court in *Salt Springs, supra,* also indicated that mutual promises can constitute sufficient consideration.

In the case at bar the 30 day notice provision in the January, 1973 contract was a benefit and a detriment for both parties. It was a benefit in that whichever party terminated the employment relationship, the other party would have had time to have made arrangements for other employment. It was a detriment in that neither party could have terminated the employment relationship at will. The promises made by the parties were mutual. ACP promised it would give Cool 30 days notice before terminating his employment. In return Cool promised to give ACP similar notice, and he promised not to compete with ACP after the termination of his employment. We hold that the addition of the 30 day notice provision constituted consideration which would support the covenant not to compete.

Since we have determined that there was consideration to support the agreement between the parties, we hold that the trial court erred in granting Cool's motion for summary judgment in that the judgment was contrary to law.

Judgment reversed and cause remanded to the trial court with instructions to vacate the judgment heretofore entered and for any further proceedings not inconsistent with this opinion.

Robertson, C.J. and Garrard, J., by designation, concur.

NOTE.—Reported at 363 N.E.2d 1070.