Marjorie J. RYAN, Plaintiff-Appellee,

v.

J. C. PENNEY COMPANY, INC.,
Defendant-Appellant.

No. 79–2235.

United States Court of Appeals,
Seventh Circuit.

Argued March 31, 1980.

Decided Aug. 27, 1980.

Michael R. Maine, Indianapolis, Ind., for defendant-appellant.

Dennis D. Carroll, Blevins, Carroll & Schrock, Anderson, Ind., for plaintiff-appellee.

Before FAIRCHILD, Chief Circuit Judge, BAUER, Circuit Judge, and BAKER, District Judge.*

BAUER, Circuit Judge.

In this diversity case, the district court denied appellant's motion for summary judgment. *Ryan v. Upchurch*, 474 F.Supp. 211 (S.D.Ind.1979). The district court certified its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and we accepted the appeal. We now reverse the district court's order, and direct the entry of an order granting summary judgment to appellant.

Plaintiff-appellee Marjorie J. Ryan was hired by defendant-appellant J. C. Penney Company, Inc. ("Penney's") to work at one of its stores. Ryan alleges that Penney's promised her that she would be fired only for just cause and claims that she was fired in violation of her contractual rights. She also alleges that she was induced to remain with the company and participate in the firm's pension and profit-sharing plan because of Penney's promise.

Under Indiana law, employment relations not for a definite term nor supported by consideration from the employee to the employer are terminable at will. *Shaw v. S. S. Kresge Co.*, 328 N.E.2d 775 (Ind.App.1975); *Pearson v. Youngstown Sheet and Tube Co.*, 332 F.2d 439, 441 (7th Cir.), *cert. denied*, 379 U.S. 914, 85 S.Ct. 262, 13 L.Ed.2d 185 (1964). The district court conceded that, under *Shaw*, it "would be compelled to grant summary judgment to J. C. Penney." The court nevertheless denied summary judgment, expressly declining to follow *Shaw*. The court claimed that *Shaw* "incorrectly

* The Honorable Harold A. Baker, Judge of the United States District Court for the Central District Court for the Central District of Illinois, is sitting by designation.

states Indiana law" and conflicts with other decisions of the Indiana courts. 474 F.Supp. at 219. This was error. First, the recent case of *McQueeney v. Glenn*, 400 N.E.2d 806, 810–11 (Ind.App.1980) reaffirmed that *Shaw* is controlling law in Indiana. Second, the district court's perceived "conflict" in Indiana law is based on a misreading of the holding of *Seco Chemicals, Inc. v. Stewart*, 349 N.E.2d 733 (Ind. App.1976). Proper quotation of the language in *Seco* demonstrates that it is squarely in line with the rest of Indiana authority. The *Seco* court stated, quoting 1A Corbin, Contracts § 152, at 13–17 (1963),

> if the employer made a promise, either express or implied, not only to pay for the service but also that the employment should continue for a period of time that is either definite or capable of being determined, that employment is not terminable by him "at will" after the employee has begun or rendered some of the requested service or has given any other consideration (or has acted in reliance on the promise in such manner as to make applicable the rule in Restatement, Contracts, § 90).

349 N.E.2d at 737–38.

The district court read the quoted language to support the proposition that "where one party to an agreement acts upon the promises of the other party and performs his part of the agreement . . . the other party becomes bound by that performance." 474 F.Supp. at 216. The court therefore concluded that Penney's was bound to permanently employ Ryan based on its agent's representations that it would not fire Ryan except for just cause.

Contrary to the finding of the district court, not every promise by an employer will bind him to a contract. As *Seco* states, the contract must be for a definite period or there must be executed consideration other than the promise by the employee to render service. Even the district court's citations to Corbin's treatise require "executed con-

sideration" other than services rendered to bind an employer to a contract for permanent employment when no definite term is specified. See 1A Corbin, Contracts, § 152, at 13–17. Typical is the promise of permanent employment in settlement of a claim for damages for personal injury; the employee's consideration is the release of the company from liability. *See, e. g., Pennsylvania Co. v. Dolan*, 6 Ind.App. 109, 32 N.E. 802 (1892); *American Car & Foundry Co. v. Smock*, 48 Ind.App. 359, 91 N.E. 749 (1910); *Toni v. Kingan & Co.*, 214 Ind. 611, 15 N.E.2d 80 (1938).

In contrast, Ryan failed to allege that Penney's promised to employ her for a definite time period or that she gave consideration other than her services. Unbroken Indiana authority holds that Ryan was an employee terminable at will. In *Montgomery Ward & Co. v. Guignet*, 112 Ind.App. 661, 45 N.E.2d 337 (1942) (in banc), for example, the plaintiff alleged he was employed permanently so long as he faithfully performed his duties. The court held this promise insufficient to establish a contract for permanent employment because the duration of the contract was not stipulated nor was there " 'good consideration in addition to the services contracted to be rendered.' " *Id.* 45 N.E.2d at 341 (quoting 35 Am.Jur. 460). *Accord, Haag v. Int'l Tele. & Tele. Corp.*, 342 F.2d 566 (7th Cir. 1965) (setting aside a jury verdict because no proof of a valid contract for a fixed and definite term); *Pearson v. Youngstown Sheet & Tube Co.*, 332 F.2d at 441 (even 28½ years tenure on the job not separate consideration to support a contract for permanent employment); *Martin v. Platt*, 386 N.E.2d 1026 (Ind.App.1979) (employee who reported kickbacks not protected against discharge because he is employed at will); *Speeder Cycle Co. v. Teeters*, 18 Ind.App. 474, 48 N.E. 595 (1897) (contract for continuous employment not enforceable); *Davis v. Davis*, 197 Ind. 386, 151 N.E. 134 (1926).[1]

In comparison, in *Seco*,

> the terminable at will status of employees who have a statutorily protected right against discharge. *Kostanzer* relied solely on the Indiana

---

1. The other case relied on by the district court, *Kostanzer v. State ex rel. Ramsey*, 205 Ind. 536, 187 N.E. 337 (1933), involved an exception to

[t]he evidence was uncontroverted that [the plaintiff] agreed to work for Seco for a fixed period of time at a stipulated rate of compensation, performed his part of the agreement by rendering services to Seco, and gave what the parties expressly recognized as "consideration" by abandoning his position with the brokerage firm.

349 N.E.2d at 738. *Accord, Rochester Capital Leasing Corp. v. McCracken,* 295 N.E.2d 375 (Ind.App.1973) (plaintiff employed for a definite term of three years).

The district court's perceived distinctions of the above cases do not survive close scrutiny. Some of the cases, the court stated, involve "implied" contracts, while this one is allegedly express; but there is no difference between "express" or "implied" contracts which create an enforceable contract. Some cases are based on what the court apparently considers the out-moded concept of mutuality. While the court goes to great lengths in its opinion to analyze and then discredit the mutuality doctrine, the court's analysis is unnecessary. Indiana indeed recognizes that an employment contract may be enforced as a valid unilateral contract although there is no mutuality of obligation. *Seco,* 349 N.E.2d at 738. Nevertheless, even for a unilateral employment contract, there must be a definite term or separate executed consideration.[2]

Regardless of the district court's opinion that the Indiana rule is not the best, we are bound by *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to follow state law. *Loucks v. Star City Glass Co.,* 551 F.2d 745 (7th Cir. 1977). And the Indiana law is settled—without a promise of employment for a definite term or consideration beyond services rendered, no enforceable employment contract is created. Ryan did not allege that she was promised employment "for a period of time that is either definite or capable of determination." *Shaw v. S. S. Kresge Co.,* 328 N.E.2d at 779, nor did she give any separate consideration. She therefore alleged no state of facts under which she could prove that she was employed other than at will. Summary judgment should have been entered against her. *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Fed.R.Civ.P. 56(c). The judgment of the district court is accordingly reversed, and the case is remanded for the entry of an order granting summary judgment for J. C. Penney Company, Inc.

Reversed and Remanded.

---

Tenure Act for its holding that the plaintiff could not be discharged. In *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973), the Indiana Supreme Court held that the Indiana Workmen's Compensation Act gives a right of action against an employer who discharges an employee in retaliation for filing a workmen's compensation claim. The court stated "under ordinary circumstances, an employee at will may be discharged without cause. However, when an employee is discharged solely for exercising a statutorily conferred right an exception to the general rule must be recognized." 297 N.E.2d at 428. Ryan alleges no such statutorily protected right against discharge.

2. The district court's conclusion may be based on a reliance theory. Citing *Seco* for support, the court states that Ryan relied on Penney's promise not to fire her except for just cause. Again, the court reads *Seco* so broadly as to read all reason out of the decision. *Seco* adopts the Restatement of Contracts § 90 approach, which requires detrimental reliance on the employer's promise. The only allegation of reliance made by Ryan, however, was that she was induced to participate in Penney's pension and profit-sharing plan. First, participation in the pension plan is mandatory and all contributions are made by Penney's. Second, while Ryan participated voluntarily in the profit-sharing plan, upon her discharge she received all the shares of stock which she had purchased. Thus, she made no showing of detrimental reliance.