Harter L. LEATHERMAN, Jr.,
Appellant,

v.

MANAGEMENT ADVISORS,
INC., Appellee.

No. 4–1081A155.

Supreme Court of Indiana.

May 4, 1983.

Marvin E. Coffey, Johnson, Siegel & Coffey, Indianapolis, for appellant.

James W. Riley, Jr., Mark B. Hillis, Callahan, Riley & Hillis, Indianapolis, for appellee.

## PETITION TO TRANSFER

GIVAN, Chief Justice.

Appellee Management Advisers, Inc. (hereinafter "MAI") petitions for transfer. The Court of Appeals in an opinion published at 436 N.E.2d 349 reversed the trial court's grant of a preliminary injunction in favor of appellee MAI as plaintiff against appellant Harter L. Leatherman (hereinafter "Leatherman") as defendant.

The relevant facts are not disputed and are as follows. Leatherman is an insurance agent and a pension consultant. MAI is an insurance agency that specializes in the development of marketing of insurance programs for national and state trade associations. At the time of this suit MAI was one of the few insurance agencies in the country handling this kind of insurance function and as such dealt with trade associations scattered across the United States.

Leatherman became an employee of MAI on August 1, 1978. Leatherman and MAI executed a document captioned "Employment Contract Non-Piracy Agreement." Paragraphs (5) and (6) of the contract read as follows:

"(5) In the event this agreement is terminated by the Employer, Employee hereby covenants and agrees with the Employer that he will not for a period of three (3) years from the date of such discharge, transact any business with any (individual) persons and/or (corporate-commercial) accounts and/or Association and its member accounts doing business with the Employer at the time of such termination without first obtaining the written consent of the Employer.

"(6) In the event of the voluntary termination of employment of the Employee, Employee hereby covenants and agrees with the Employer, that he will not for a period of three (3) years from the date of such termination, transact any business with any (individual) persons and/or (corporate-commercial) accounts and/or Association and its member accounts doing business with the Employer at the time of such termination without first obtaining the written consent of Employer."

Paragraphs (7) and (8) provided for liquidated damages of $100 per day in the event of Leatherman's violation of the non-piracy covenants of either paragraph (5) or (6) of the contract. They executed another contract for the sale of Leatherman's interest in the insurance program of National Precast Concrete Association, an account Leatherman had developed prior to his employment with MAI, for $12,000 worth of MAI stock. Another term of this contract involved a $12,000 loan to Leatherman by MAI, to be repaid in installments over a three year period pursuant to the terms of a separate promissory note. Simultaneous with the execution of the employment contract, Leatherman sold the last of the accounts he had an interest in prior to August, 1978, to MAI for $3,480.

Through 1980 and 1981 the parties became dissatisfied with the employment relationship. In April of 1981, Leatherman re-signed from his position with MAI. Shortly thereafter in violation of the non-piracy covenant Leatherman began soliciting clients of MAI. Upon discovery of this and also due to Leatherman's alleged failure to pay on another promissory note executed by him MAI sued Leatherman. In Count III of its amended complaint, MAI sought injunctive relief prohibiting Leatherman's further solicitation of MAI clients, the right to such relief being premised on paragraph (6) of the employment contract. The trial court, after holding a hearing on October 12, 1981, granted the injunction to MAI. The court entered findings three days later, which were essentially that paragraphs (5) and (6) of the contract were enforceable, that Leatherman was in breach of those terms, and that MAI had no adequate remedy at law. Leatherman was enjoined from any further contact with MAI clients until further hearing on the cause.

Appeal was taken by Leatherman under Ind.R.App.P. 4(B)(3), which provides for interlocutory appeal of preliminary injunctions to the Court of Appeals. The only issue on appeal was the correctness of the trial court's grant of the injunction. Leatherman claims the trial court erred in finding the non-piracy terms to be enforceable because there was no consideration given by MAI to support his promise not to pirate MAI clients.

The parties have limited the issue with regard to the issuance of the injunction to whether the trial court abused its discretion in determining that MAI demonstrated a reasonable likelihood of success of showing that there was consideration supporting the non-piracy term of the employment contract.

■ As to whether the purchase of the two insurance accounts by MAI constituted sufficient consideration for Leatherman's promise not to pirate MAI clients after termination, we find the Court of Appeals' disposition of this issue to be correct. Accordingly, we adopt it as our own, as follows:

"The consideration for one instrument may be found in a contemporaneous instrument. *Torres v. Meyer Paving Co.,* (1981) Ind.App., 423 N.E.2d 692. However, contemporaneously executed contracts are construed together only when they relate to the same transaction or subject matter. *See Baker v. Gordon* (1960) 130 Ind.App. 585, 164 N.E.2d 118. In this case, the two contracts did not relate to the same transaction or subject matter. One contract dealt with Leatherman's employment, which had been ongoing for some time. The other contract dealt with the sale of insurance accounts. This case is unlike *McGann & Marsh Co. v. K & F Manufacturing Co.,* (1979) Ind. App. [179 Ind.App. 411], 385 N.E.2d 1183, cited by MAI. In *McGann & Marsh* the two separate contracts were part of a package transaction. The attorney involved used two separate agreements because of his concern with tax consequences. In the present case, there was no such concern. Two documents were used because these were two separate and unrelated agreements. The purchase of two insurance accounts by MAI does not constitute adequate consideration to support the non-piracy covenants."

This brings us to the issue of whether the promise of continued employment made to Leatherman could constitute sufficient consideration for his promise not to pirate MAI clients for three years after his termination.

In 1 W. Jaeger, *Williston on Contracts* § 137A at 594–95 (3d ed. 1967) we find the following:

"In many contracts there are more promises than one on a side. If each promise is supported by a promise or performance allotted to it exclusively as its consideration, the contract is divisible. But frequently all promises or performances on one side are indiscriminately made consideration for all promises or performances on the other. And if the performances or promises on one side fulfill the legal requirements of consideration, they will support any number of counter-promises on the other. * * * So, too, a promise to employ will support a promise to work and to refrain from engaging in a competing business."

In 1 *Corbin on Contracts* § 142 at 611 it is stated: "A promise is a sufficient consideration for a return promise. This has been true for at least four centuries, ever since bilateral contracts were recognized." *See also,* 17 Am.Jur.2d *Contracts* § 104 (1964).

■ In the case at bar we have a situation in which MAI made certain promises to Leatherman, namely the promise to continue employment and to pay certain compensation and other benefits to him, in exchange for his return promises to work and perform certain duties and also to refrain from pirating MAI clients for three years after he left their employ. Thus each party's promises were supported by consideration in the form of the other party's return promises. We hold there is sufficient consideration for each party's set of promises to the other. *See, Woodward Ins. Inc. v. White,* (1982) Ind., 437 N.E.2d 59.

■ We hold the trial court did not abuse its discretion in determining that appellee MAI had reasonable likelihood of success on the merits of its claim. *Indiana State Department of Welfare v. Stagner,* (1980) Ind. App., 410 N.E.2d 1348; *Rees v. Panhandle Eastern Pipeline Co.,* (1978) 176 Ind.App. 597, 377 N.E.2d 640. Therefore the grant of preliminary injunction against Leatherman was proper.

The Court of Appeals' opinion at 436 N.E.2d 349 is vacated. The Petition to Transfer of appellee Management Advisers, Inc. is granted. The trial court is in all things affirmed.

DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

HUNTER, J., dissents with opinion.

HUNTER, Justice, dissenting.

I must respectfully dissent from the majority opinion as I find that the promise of continued employment was not adequate consideration to support a covenant not to compete in this case. The employer did not

give any present and valuable consideration to Leatherman since there was no express promise of continued employment for a definite period. There could be no implied promise of employment for a definite period either as Indiana courts have consistently recognized the continued application of the employment at will doctrine in this jurisdiction. *See e.g.: Woodward Insurance, Inc. v. White,* (1982) Ind., 437 N.E.2d 59 (Hunter, J., dissenting); *Campbell v. Eli Lilly & Co.,* (1980) Ind.App., 413 N.E.2d 1054 (Ratliff, J., dissenting in part), *trans. denied* (1981) Ind., 421 N.E.2d 1099 (Hunter, J., dissenting); *Martin v. Platt,* (1979) Ind. App., 179 Ind.App. 688, 386 N.E.2d 1026.

Both parties agree that there was no increase in salary that would serve as consideration for the nonpiracy agreement in this case. There was no new value given for this agreement that Leatherman did not already have under earlier agreements. Management Advisors, Inc. here alleges that Leatherman received benefits because he was allowed to continue work and meet his employer's customers and have access to customer information. They further allege that there would be no "coercion" because Leatherman was not prohibited from competing with his former employer upon a termination of employment but was only prohibited from soliciting the existing customers of the employer. There is no merit to this argument since the only "benefit" Leatherman received was access to information about his employer's customers and this was the information he was specifically prohibited from using. No consideration cannot be characterized as adequate consideration.

I agree with those jurisdictions that have concluded that covenants not to compete, as well as nonpiracy covenants, executed after the inception of employment "are not enforceable unless supported by additional consideration—a requirement not satisfied simply by the promise or fact of continued employment." *Woodward Insurance, Inc. v. White, supra,* 437 N.E.2d at 70 (Hunter, J., dissenting) and cases cited therein.

I remain convinced that our prior case law also supports this position.

"*Campbell v. Eli Lilly Co., supra* (even if employee at will was promised he would not be discharged, that covenant was unenforceable for lack of consideration in that the employee had not promised he would continue employment); *Advanced Copy Products, Inc. v. Cool,* (1977) 173 Ind.App. 363, 363 N.E.2d 1070 (continued employment held not sufficient to constitute adequate consideration to support a covenant not to compete); *Warrick Beverage Corp. v. Miller Brewing Co.,* (1976) 170 Ind.App. 114, 352 N.E.2d 496 (since either party could terminate duties of performance at will, contract was unenforceable); *Shanks v. Fisher,* (1955) 126 Ind.App. 402, 130 N.E.2d 231 (unilateral promise of owners to pay builder extra amount for work already subject to contract was unenforceable due to lack of consideration); *Semon, Bache & Co. v. Coppes, Zook & Mutschler Co.,* (1905) 35 Ind.App. 351, 74 N.E. 41 (contract which failed to impose any obligation on one of the parties was unenforceable for lack of mutuality in consideration)." *Woodward Insurance, Inc. v. White supra,* [437 N.E.2d] at 70 (Hunter, J., dissenting).

I agree with Judge Young's conclusions in this case:

"We agree with those cases that hold that continued employment is not sufficient consideration to support a covenant not to compete. When an employee agrees to a covenant not to compete in exchange for continued employment he gains nothing that he did not already have and the employer is under no additional obligation. Continued employment for an indefinite period at the employer's discretion is illusory consideration. An employee could agree to the covenant one day and be fired the next day. The opportunity for coercion is too great. Thus, we hold that the second non-piracy agreement is void for lack of consideration and not binding on Leatherman. The trial court erred in finding that MAI had demonstrated a likelihood of success at trial by establishing a prima facie case.

Therefore, the issuance of an injunction was improper." *Leatherman v. Management Advisors, Inc.*, (1982) Ind.App., 436 N.E.2d 349, 352.

I would deny transfer and affirm the Court of Appeals' opinion and reversal of the trial court's judgment.