**John M. STACK, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Allstate Life Insurance Company, National Emblem Insurance Company, Allstate Enterprises, Inc., Defendants.**

**No. IP 83–732–C.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

April 10, 1985.

Barry A. Macey, Segal & Macey, Indianapolis, Ind., for plaintiff.

Charles F. Robinson, Jr., Linda Y. Hammel, Yarling, Robinson, Hammel & Lamb, Indianapolis, Ind., for defendants.

## MEMORANDUM OF DECISION

DILLIN, District Judge.

This case is before the Court on defendants' motions for summary judgment on

plaintiff's complaint and for partial summary judgment as to liability on its counterclaim against the plaintiff. For the following reasons, the motions will be denied.

## Background

The plaintiff, John Stack, brings this action against the defendants (hereafter collectively referred to as Allstate) alleging he was wrongfully discharged in breach of his employment contract. Allstate has counterclaimed alleging Stack breached the employment contract's covenant not to compete following his discharge.

Allstate and Stack entered into a written employment contract on or about May 2, 1971, whereby Allstate employed Stack to sell insurance exclusively for Allstate. The contract contained Section XI of Part Four, relating to termination of employment, which provides in relevant part as follows:

XI. This agreement will automatically terminate upon your death. Either you or Allstate have the right to terminate this agreement upon mailing to the other, at his or its last known address, written notice of termination. After such termination you agree not to act or represent yourself in any way as our agent.
The Company [Allstate] will not terminate your employment because of unsatisfactory work unless you have been notified that your work is unsatisfactory and that your job is in jeopardy and unless you have been given a reasonable opportunity to bring your performance up to satisfactory standards.

The employment contract also contained a covenant not to compete embodied in Part Four, Section XIII, as follows:

XIII. For a period of two years immediately following the termination of your employment under this agreement, you agree that you will not solicit or sell insurance of any kind
A. with respect to any person, company or organization to whom you previously sold an Allstate policy, or
B. within one mile from any Allstate location from which you solicited or sold

insurance during the year immediately preceding such termination.

Subsequent to the execution of this contract and by 1982, Allstate amended the contract in relevant part, as follows:

The following paragraphs are added following the second paragraph of Section XI of Part Four: The term "unsatisfactory work" relates to the quality of performance. Notification that your job is in jeopardy is not required in the event of termination of employment for a criminal act or an act of dishonesty, such as, by way of example but not limited to, the following: embezzlement, falsification of any Company or industry plan documents completed or approved by you in the performance of your duties, fraud or misrepresentation of material fact, or forgery.

Although Stack signed a copy of this amendment, the record does not show that any consideration was exchanged in support of the amendment.

On December 2, 1982, Allstate terminated Stack's employment for allegedly falsifying documents prepared or approved by Stack. The falsification charge stemmed from certain insurance policies sold by Stack in which protective devices discounts or over-age-55 discounts were granted when the policyholders did not, in fact, fully qualify for the discounts. Stack admits giving certain discounts upon the representations or promises of clients that they qualified or would immediately purchase items to qualify for the discounts. Stack, however, also asserts that certain other alleged falsifications were not attributable to him but were made by other Allstate employees and that in several cases a reasonable dispute exists over the interpretation of the discount requirements as applied to individual situations. Nevertheless, Allstate conducted an investigation which in its opinion substantiated the discrepancies in the policies sold by Stack. There is no indication that Allstate acted in bad faith in discharging Stack.

Following his discharge, Stack continued to solicit and sell insurance policies as an

independent agent associated with CNA Insurance Agencies, Inc. Pursuant to his new employment he solicited and sold insurance policies to former Allstate clients with whom he had previously done business.

Allstate has moved for summary judgment on plaintiff's complaint, asserting that the contract created an at-will employment relationship terminable for cause or for no cause by either party at any time. Allstate, furthermore, claims it terminated Stack for cause (falsifying documents) and therefore, under the amendment to the contract set forth above, it was not obligated to comply with the clause of the original contract requiring notice and an opportunity to improve performance.

Separately, Allstate has moved for partial summary judgment on its counterclaim alleging that the covenant not to compete is reasonable, valid, and clearly has been violated. The plaintiff asserts that the contract is not an at-will employment contract but rather validly imposes restrictions upon Allstate's ability to terminate his employment. He also claims that material factual issues exist regarding whether his conduct constitutes "falsification of documents" and whether Allstate acted in bad faith in terminating his employment without prior notice and an opportunity to improve.

### Discussion

This case raises basic issues regarding sufficiency of consideration for contracts and Indiana's employment-at-will doctrine.

Under the employment-at-will doctrine in Indiana, a contract of employment for an indefinite term or duration is unenforceable to the extent it remains executory. Consequently, either party may terminate the employment relationship at any time, for any or no reason, and escape liability or further obligation under the contract. *Mead Johnson and Co. v. Oppen-*

*heimer,* 458 N.E.2d 668 (Ind.App.1984); *Pepsi Cola General Bottlers, Inc. v. Woods,* 440 N.E.2d 696 (Ind.App.1982); *Campbell v. Eli Lilly and Co.,* 413 N.E.2d 1054 (Ind.App.1980).

Limited exceptions to this doctrine exist when an employee is discharged solely for exercising a right conferred on him by statute, constitution, or other positive law. *Mead Johnson and Co. v. Oppenheimer, supra.* Included within this exception is the right to enter into a contract imposing restrictions on the employer's power to discharge the employee. *See* 458 N.E.2d at 671. If an employment contract is supported by adequate independent consideration (other than the employee's promise to render services), it may be enforced even though it does not establish a definite term of employment.[1] *Ryan v. J.C. Penney Co.,* 627 F.2d 836 (7th Cir. 1980); *Ohio Table Pad Co. of Indiana v. Hogan,* 424 N.E.2d 144 (Ind.App.1981).

In such cases, if adequate independent consideration was exchanged, "then in the absence of mutual agreement, the company could only terminate the employee for good cause without incurring liability for its action." *Ohio Table Pad Co. of Indiana v. Hogan,* 424 N.E.2d 144, 146 (Ind. App.1981). The contract is not invalid or unenforceable due to uncertainty or indefiniteness. *Toni v. Kingan & Co.,* 214 Ind. 611, 15 N.E.2d 80 (1938); *Pennsylvania Co. v. Dolan,* 6 Ind.App. 109, 32 N.E. 802 (1892).

The Indiana Court of Appeals in *Ohio Table Pad* examined the types of consideration which would be adequate to take an indefinite employment contract out of the at-will doctrine in Indiana. The court found that consideration sufficient to support the imposition of restrictions on an employer's ability to discharge an employee includes an employee's release of personal injury claims against the employer, an em-

1. Mutuality of obligation may not be required for the enforceability of an employment contract in Indiana but even a unilateral employment contract, to be enforceable, must establish a definite term of employment or be supported by independent consideration other than the rendering of services by the employee. *Ryan v. J.C. Penney Co.,* 627 F.2d 836 (7th Cir.1980); *see also Seco Chemicals, Inc. v. Stewart,* 169 Ind. App. 624, 349 N.E.2d 733 (1976).

ployee's assignment of a valuable coal lease to the employer, an employee abandoning his own competing business, and an employee surrendering his own permanent employment with the express understanding that he would not do so except for permanent employment. *Ohio Table Pad Co. of Indiana v. Hogan,* 424 N.E.2d 144, 146 (Ind.App.1981) and cases cited therein.

■ Moving one's household to a new location or surrendering prior employment, without more, however, will not constitute adequate consideration. *Ohio Table Pad Co. of Indiana v. Hogan, supra.* The court reasoned that "in moving and/or giving up her prior job, the employee is merely placing herself in a position to accept the new employment. There is no independent detriment to the employee because she would have had to do the same things in order to accept the job on any basis, and there is no independent benefit bestowed upon the employer." *Id.* at 146.

In the present case, the employment contract is indefinite as to its duration and thus is an unenforceable, at-will employment contract unless supported by additional independent consideration. Stack asserts that he provided adequate consideration to support the restrictions placed on Allstate's ability to terminate the employment contract by his agreement to sell Allstate insurance exclusively and by his agreement to the covenant not to compete.

■ Stack's promise to sell only Allstate insurance policies does not constitute adequate independent consideration. A promise not to sell a competitor's product when employed to sell employer's product is equivalent to surrendering prior employment before starting new employment. Surrendering one's prior employment implies continued abstinence from engaging in the prior employment while performing the new. Stack did not give up a competing business as contemplated by the exception noted above in *Ohio Table Pad Co. of Indiana v. Hogan, supra,* and by agreeing to sell insurance exclusively for Allstate, Stack did not confer an independent benefit upon Allstate. Therefore, Stack's agree-

ment to the exclusive agency did not constitute adequate independent consideration to take the employment contract out of the at-will doctrine.

Stack also argues that the covenant not to compete serves as adequate consideration for the restrictions on Allstate's ability to terminate the employment contract. Although this specific situation has not been confronted by Indiana courts, the converse situation has been considered.

The Indiana Supreme Court has recently examined the adequacy of a promise of employment to support a covenant not to compete. In *Licocci v. Cardinal Associates, Inc.,* 445 N.E.2d 556 (Ind.1983), the court held that a promise to employ for a term of one year was sufficient consideration to support a covenant not to compete. In *Leatherman v. Management Advisors, Inc.,* 448 N.E.2d 1048 (Ind.1983), the court found that a promise of continued employment in an existing employment-at-will relationship was also adequate consideration for such a covenant. *See also Woodward Insurance, Inc. v. White,* 437 N.E.2d 59 (Ind.1982).

In the former case, the court found that the covenant not to compete, standing alone, was reasonable in its terms. The court, however, also considered the adequacy of the consideration exchanged in support of the covenant. The court stated the general rule that "the validity of a noncompetition clause is dependent not merely upon the covenant itself but upon the entire contract and the situation to which it is related." *Licocci v. Cardinal Associates, Inc.,* 445 N.E.2d 556, 563 (Ind.1983), *citing Woodward Insurance, Inc. v. White,* 437 N.E.2d 59 (Ind.1982); *Donahue v. Permacel Tape Corp.,* 234 Ind. 398, 127 N.E.2d 235 (1955). The court rejected the two former employees' efforts to enforce certain provisions of the employment contract while arguing that the covenant not to compete was unenforceable for lack of consideration. The court stated: "We will not allow a party to claim that certain provisions of a contract are valid since supported by adequate consideration while

maintaining that other provisions of the very same contract are not valid because they are not supported by adequate consideration." *Licocci, supra,* at 565. *See also Raymundo v. Hammond Clinic Ass'n,* 449 N.E.2d 276 (Ind.1983) (even if contract is voidable, a party cannot benefit under a transaction or instrument and at same time repudiate its obligations thereunder).

The court concluded that the employer's binding promise of employment for a term of one year was adequate consideration for the employees' promises to render services and to relinquish certain future employment opportunities.

In *Leatherman,* the Indiana Supreme Court went further. It found that in an existing employment-at-will relationship, an additional promise of continued employment was adequate consideration to support a covenant not to compete. Justice Hunter dissented, arguing that the promise of continued employment was unenforceable under the employment-at-will doctrine and therefore the promise could not stand as consideration for the covenant. *Leatherman,* 448 N.E.2d at 1050–1052; *see also Woodward Insurance, Inc. v. White,* 437 N.E.2d 59 (Ind.1982) (Hunter, J. dissenting).

Indeed, if the promise of continued employment is unenforceable, the employer has not given anything of value to the employee and the employee has not received any benefit in exchange for the covenant not to compete. Therefore, no consideration has been exchanged to support the covenant.

The full court, however, rejected Justice Hunter's argument that the promise of continued employment is illusory consideration. Prior to the exchange of the promise of continued employment and the covenant not to compete, the employment contract in *Leatherman* was terminable at the will of either party without further obligation or liability. Then, as the court stated, "MAI [the employer] made certain promises to Leatherman, namely the promise to continue employment and to pay certain compensation and other benefits to him, in ex-

change for his return promises to work and perform certain duties and also to refrain from pirating MAI clients for three years after he left their employ. Thus each party's promises were supported by consideration in the form of the other party's return promises. We hold there is sufficient consideration for each party's set of promises to the other." *Id.* at 1050. Therefore, the court recognized that the promise of continued employment was enforceable pursuant to the terms of the contract and despite the indefinite duration of the contract.

█ In the present case, Stack and Allstate entered into a written employment contract which did not establish a definite term of employment but which contained other provisions including limitations on the parties' rights to terminate the contract at will. Allstate's right to discharge Stack was restricted by the prior notice and opportunity to improve performance clause. In return, Stack agreed to the covenant not to compete which restricts Stack's ability to solicit and sell insurance near his former office or to his former Allstate clients for a period of two years following termination of the employment relationship. The covenant's validity based upon its reasonableness as to time, place, and manner of imposing restrictions upon Stack is not disputed. Under Indiana law, therefore, the employment contract is supported by adequate independent consideration and is therefore enforceable despite the contract's indefinite duration.

The undisputed facts clearly show that both parties failed to comply with the provisions of the contract noted above. Stack admits soliciting and selling insurance to his former Allstate clients following his discharge by Allstate. Allstate also admits giving Stack no prior notice or opportunity to improve his performance.

█ Allstate, nevertheless, asserts that it was not required to give such notice and opportunity to improve in this instance. Subsequent to the execution of the primary contract, Allstate amended the notice and opportunity to improve clause of that con-

tract to eliminate application of the clause when an employee is discharged for a criminal act or an act of dishonesty. Although Stack signed the amendment, there is no indication that Allstate provided any consideration to Stack in support of the amendment. Additional consideration is required to support an amendment or modification of a contract which imposes a new burden on an employee. *Licocci,* 445 N.E.2d at 565.

The validity of the amendment has not been directly challenged by the parties herein. Nevertheless, the apparent lack of consideration supporting the amendment concerns the court because the amendment has the effect of removing the consideration supporting the covenant not to compete. Additionally, Stack denies committing any intentional act of dishonesty or falsification. He has proffered explanations for the discrepancies found by Allstate which, if proven, may indicate that the amendment did not apply to relieve Allstate of its duty to notify and provide an opportunity to improve performance.

The final determination of this case depends upon the validity of the amendment to Stack's employment contract and its application to the facts. Resolution of these issues involves facts which are either unknown to the Court at this time or are disputed. Therefore, genuine issues of material fact exist and summary judgment is inappropriate.

Accordingly, Allstate's motions for summary judgment on the complaint and for partial summary judgment on the counterclaim will be denied.